Rafael Lugo Rodríguez et al., demandante y recurrido, *v.* Municipio de Bayamón, y Otros, demandados y peticionarios.

*Número:* O-81-294      *Resuelto:* 3 de noviembre de 1981

*Héctor A. Colón Cruz, Procurador General,* y *Ricardo Alegría Pons, Procurador General Auxiliar,* abogados del peticionario; *Gilberto Vega Couso,* abogado de los recurridos.

PER CURIAM:   En acción civil de daños y perjuicios[1] contra el Estado Libre Asociado de Puerto Rico y otros, el Secretario de Justicia fue emplazado cuando faltaban dos

_____

[1] En la demanda se alega que el 11 febrero, 1978 el automóvil que conducía el recurrido Rafael Lugo Rodríguez cayó en un hoyo en el centro de la carretera Núm. 167, área de Urb. Rexville, Bayamón, resultando el actor y sus acompañantes con heridas (sin mayor especificación) y contusiones en distintas partes del cuerpo.

semanas para cumplirse dos años de la expedición del emplazamiento, cuya diligencia tiene señalado un término de seis meses en la Regla 4.3 de Procedimiento Civil. El Estado solicitó sentencia parcial desestimatoria de la demanda por no haber mediado justa causa o negligencia excusable "en base a la cual apelar a la discreción del Honorable Juzgador para atemperar la severidad de la Regla". El tribunal, que previamente había dictado sentencia *sua sponte* el 12 noviembre, 1980 en la que tuvo a la parte demandante por desistida con perjuicio según ordena la Regla 4.3(b) de Procedimiento Civil, reconsiderada a solicitud de los demandantes, denegó la moción del E.L.A. Recurrió el Procurador General en *certiorari* y en 11 junio, 1981 expedimos orden a los demandantes-recurridos para mostrar causa por la que no deba tenérseles por desistidos en su acción contra el Estado.

El escrito contestación de los recurridos no satisfizo nuestro requerimiento. Ninguna razón atendible han podido aducir para justificar la excesiva demora en emplazar al E.L.A., como tampoco surge justa causa de la resolución del juez de instancia concediendo la última prórroga de 45 días para diligenciar el emplazamiento que sólo dice: "Se deja sin efecto la sentencia [de desistimiento compulsorio] y se concede término improrrogable de 45 días para emplazar. Expídase los emplazamientos."

En *Banco Metropolitano* v. *Berríos*, 110 D.P.R. 721 (1981), resolvimos que el juez tiene discreción bajo la Regla 68.2 de Procedimiento Civil para prorrogar el término de diligencia del emplazamiento, aun después de vencidos los plazos que a tales fines señala la Regla 4.3(b). Mas dejamos claro que la discreción no se ejercita en el vacío, ni tampoco de modo arbitrario; debe siempre haber razón bien fundada que mueva la consciencia judicial hacia el remedio que pide el promovente. Es éste quien viene obligado a justificar con referencia a hechos y circunstancias la razón o motivo para haber dejado transcu-

rrir los términos de Regla 4.3. La Regla 68.2 es explícita en su exigencia de esa base de razón sobre la que pueda descansar la discreción del juez al disponer que ". . . el tribunal podrá, *por justa causa*, en cualquier momento y en el ejercicio de su discreción . . . a virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable . . .". (Énfasis nuestro.) A los fines de que este Tribunal pueda cumplir su función revisora cuando se recurre contra una decisión en este incidente procesal, la moción del promovente deberá exponer de modo afirmativo y con especificación la razón determinante de *justa causa* para ampliar el término ya vencido sobre la cual pueda operar la discreción judicial, razón que necesariamente debe estar vinculada al valor de justicia que impregna la reclamación del promovente.

▮ Resulta de transparente insuficiencia la moción de los recurridos, sin más afirmación de causa para justificar la prórroga que una expresión de que "la parte demandante tiene sumo interés en continuar con los procedimientos . . .".

El examen de las constancias en el expediente ha demostrado que si bien pudo haber una causa subyacente e inarticulada para la tardanza en emplazar a una parte traída al pleito después de radicada la demanda original, ninguna justa causa hubo para demorar por casi dos años el emplazamiento del Estado.

*Con estos antecedentes y fundamentos, se expedirá el auto, la resolución recurrida será anulada y se tendrá a los demandantes-recurridos por desistidos con perjuicio en su acción contra el Estado.*