## *In re* PEDRO CARLOS FERNÁNDEZ TORRES.

*Número:* MC-88-67     *Resuelto:* 6 de diciembre de 1988

*Norma Cotti Cruz, Subprocuradora General,* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogadas de El Pueblo.

PER CURIAM: El 7 de noviembre de 1988 el Procurador General presentó un informe relacionado con la queja del Sr. Alfonso Quiñones García contra el Lic. Pedro Carlos Fernández Torres. Alegó falta de diligencia al demorarse el licenciado Fernández Torres de forma irrazonable en la tramitación de un caso civil de daños y perjuicios. Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

# I

Los hechos pertinentes surgen del informe y de los documentos que se nos acompañaron. La reclamación de daños emana de un accidente que ocurrió el 17 de agosto de 1987. El licenciado Fernández Torres representó al señor Quiñones García en el caso criminal que surgió como consecuencia de dicho accidente y ahora lo representa en el caso civil. El 14 de marzo de 1988, el licenciado Fernández presentó la demanda civil ante el Tribunal de Distrito, Sala de Guaynabo, contra Pedro Concepción Loubriel, la Compañía de Seguros "X" y "John Doe", dueño del vehículo de motor tablilla 7474-11, en la cual reclamaba daños ascendentes a nueve mil dólares ($9,000). La demanda tenía fecha de 15 de marzo de 1988. Se expidieron los correspondientes emplazamientos.

En carta de 31 de agosto de 1988, el licenciado Fernández indicó a la Oficina del Procurador General que el caso estaba "en la etapa de diligenciamiento de los emplazamientos, ya que hay personas demandadas fuera de la jurisdicción". *Exhibit* V, pág. 7. El 28 de octubre de 1988, el Juez Administrador del Tribunal de Distrito, Sala de Guaynabo, certificó que en dicho caso (CD 88-632) sólo obraba en el expediente del tribunal la demanda y constancia de que se habían expedido los emplazamientos.

La Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que "[e]l emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido". Por justa causa o si existe negligencia excusable, este término puede ser prorrogado. Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Banco Metropolitano v. Berríos*, 110 D.P.R. 721 (1981); *Lugo v. Municipio de Bayamón*, 111 D.P.R. 679 (1981); *Ortalaza v. F.S.E.*, 116 D.P.R. 700 (1985); *Pietri González v. Tribunal Superior*, 117 D.P.R. 638 (1986). En relación con el emplazamiento de partes con nombres desconocidos, véase *Núñez González v. Jiménez Miranda,*

122 D.P.R. 134 (1988). Cabe señalar también que las gestiones de descubrimiento de prueba son, como regla general, extrajudiciales y por ende no aparecerá en el expediente del tribunal constancia de las mismas. Regla 67.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Lluch v. España Service Sta.*, 117 D.P.R. 729, 743–744 (1986).

## II

■ Al analizar las circunstancias específicas de este caso a la luz del derecho procesal aplicable, concluimos que no se violó el Canon 18 del Código de Ética Profesional, *supra*. Los cánones de ética profesional no son, ni deben convertirse, en armas procesales adicionales a ser utilizadas para adelantar los intereses particulares de una de las partes en un caso. La falta de diligencia que da lugar a sanciones éticas tiene que ser crasa, que denote falta de competencia o un menosprecio al sistema de administración judicial. Normalmente, y como regla general, las dilaciones o incidentes procesales en un caso deben ser atendidos y resueltos por los tribunales de instancia. *Lluch v. España Service Sta.*, supra, págs. 734–735. Véase, también, L.R. Patterson, *Legal Ethics: the Law of Professional Responsibility*, 2da ed., Nueva York, Ed. Matthew-Bender, 1984, Cap. 3, Sec. 3.01.

Por todo lo antes expuesto, *se dictará la correspondiente sentencia que archiva la queja del Sr. Alfonso Quiñones García contra el Lic. Pedro Carlos Fernández Torres.*

El Juez Asociado Señor Ortiz no intervino.