*In re* MARÍA OTILIA LASSALLE PÉREZ.

*Número:* AB-93-30          *Resuelto:* 13 de agosto de 1993

*María Otilia Lasalle Pérez, pro se.*

Sala Especial de Verano integrada por el Juez Asociado Señor Rebollo López como su Presidente, la Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Fuster Berlingeri.

## RESOLUCIÓN

Atendido el hecho de que la Lcda. María Otilia Lassalle Pérez ha dado cumplimiento a nuestra Resolución de 16 de abril de 1993, se deja sin efecto la suspensión decretada y se reinstala a dicha abogada al ejercicio de la profesión de abogado.

Se apercibe a la licenciada Lassalle Pérez para que en el futuro sea más diligente en el cumplimiento de sus deberes hacia sus clientes y en atender los requerimientos de la Oficina del Procurador General de Puerto Rico y las órdenes de este Tribunal. Copia de la presente resolución deberá ser unida al expediente personal de la licenciada Lassalle Pérez.

*Publíquese.*

Lo acordó el Tribunal y certifica la señora Secretaria General Interina. El Juez Asociado Señor Rebollo López emitió voto disidente.

*(Fdo.)* Carmen E. Cruz Rivera
*Secretaria General Interina*

### – O –

Voto disidente emitido por el Juez Asociado Señor Rebollo López.

El 20 de julio de 1989 acudió ante la Oficina del Procurador General de Puerto Rico la Sra. Carmen Martínez Velilla con el propósito de presentar una queja contra la Lcda. María Otilia Lassalle Pérez. Adujo dicha ciudadana que la licenciada Lassalle Pérez *había incumplido* con una gestión profesional que ella le había encomendado —*consistente la misma en la tramitación de una declaratoria de herederos*— a pesar del hecho de que se le habían satisfecho los honorarios de abogado que fueron requeridos por dicha abogada. Luego de un intercambio de corresponden-

cia, y en vista de que la licenciada Lassalle Pérez "se comprometió [con la Oficina del Procurador General] a terminar el trámite de la declaratoria de herederos para la cual fue contratada", el Procurador General procedió a archivar la queja de la señora Martínez Velilla en marzo de 1991. Informe de la Procuradora General, pág. 1.

Así las cosas, la querellante Martínez Velilla le informó al Procurador General que la abogada Lassalle Pérez *había incumplido* con el compromiso contraído con dicha oficina. Ello motivó que el Procurador General "reabriera" el asunto. *El 1ro de agosto de 1991* comenzaron, *nuevamente*, las gestiones del Procurador General con el propósito de lograr que la licenciada Lassalle Pérez cumpliera con el compromiso contraído y terminara con el trámite de la declaratoria de herederos de la señora Martínez Velilla.

Luego de innumerables cartas a esos efectos, con las consabidas prórrogas, la Oficina del Procurador General —*cansada ya de la actitud de indiferencia de la licenciada Lassalle Pérez*— radicó el 26 de marzo de 1993 un Informe ante este Tribunal. En el mismo, dicha oficina nos señaló:

> Debemos llamar la atención de este Ilustre Foro que desde agosto de 1989 le hemos dado amplia oportunidad a la licenciada Lassalle Pérez para que tramite la declaratoria de herederos de la querellante. Independientemente de las razones que puedan existir que pudieran haber complicado dicho trámite lo cierto es que es inexcusable que desde el 1 de agosto de 1991, fecha en que reabrimos esta queja, la abogada no haya informado a esta oficina ni tan siquiera el status de su gestión. Hasta tanto no tengamos la información solicitada esta oficina no podrá hacer una evaluación en los méritos de la queja presentada en su contra. Informe de la Procuradora General, pág. 2.

Mediante resolución de fecha 16 de abril de 1993, le concedimos a la licenciada Lassalle Pérez el término de treinta (30) días "para que atienda los requisitos de la Procuradora General", *apercibiéndole* de que "el incumplimiento con esta resolución dará lugar inmediatamente a las sanciones que correspondan" y ordenando que dicha

abogada fuera notificada personalmente con copia de dicha resolución. Habiéndonos informado el Procurador General, mediante moción de fecha 27 de mayo de 1993, que la abogada *había incumplido* con la resolución antes mencionada, mediante Resolución de fecha 11 de junio de 1993 *suspendimos* a la licenciada Lassalle Pérez "del ejercicio de la profesión de abogado" hasta que cumpliera con nuestra Resolución de fecha 16 de abril de 1993.

Notificada con copia de la resolución suspendiéndola del ejercicio de la profesión, la licenciada Lassalle Pérez —*finalmente*— compareció, mediante carta de fecha 18 de junio de 1993, ante la Oficina del Procurador General. En la misma, adujo que razones de salud habían impedido que ella "cumpliera" con los requerimientos del Procurador General con anterioridad a ese momento. En adición, y ya en cuanto a la falta de diligencia en relación con la encomienda que le hiciera su cliente, expresó, en lo pertinente, que:

> La situación sobre el caso de Doña Carmen es que a pesar de mis esfuerzos hay varios *certificados de nacimiento* de algunas de las tías de Doña Carmen, que no aparecen en ningún Registro Demográfico, por lo que la Registradora de Bayamón ha cooperado conmigo para ver si los certificados aparecen en el pueblo de Utuado, que es en dónde fueron expedidos unos certificados de Bautismo de los cuales tenemos copias fotostáticas. De no encontrarse los mismos en Utuado, la Registradora me ha informado que emitirá una Certificación Negativa para que sea posible tramitar las referidas declaratorias.
>
> Yo espero que en el transcurso de los próximos quince (15) días tenga en mi poder los documentos que me hacen falta, *y en los siguientes treinta (30) días pueda tener las respectivas resoluciones sobre declaratorias de herederos.* (Énfasis suplido.) Carta de 18 de julio de 1993, pág. 4.

El 22 de junio de 1993, la licenciada Lassalle Pérez radicó una moción ante este Tribunal en la cual solicitó que, en vista de su "cumplimiento", dejáramos sin efecto la Resolución de fecha 11 de junio de 1993 mediante la cual la suspendimos del ejercicio de la profesión. El 8 de julio de

1993 radicó una segunda moción, la cual intituló "Moción en auxilio de jurisdicción". En la misma, luego de repetir que había "cumplido" con lo ordenado y que habían "transcurrido alrededor de trece (13) días desde la radicación de" su moción del 22 de junio de 1993 sin que el Tribunal hubiera actuado sobre la misma, señaló, entre otras, que la suspensión decretada "lesiona la reputación profesional de la compareciente"; se le "priva de continuar cumpliendo con otros compromisos profesionales" (Moción en auxilio de jurisdicción, págs. 1 y 2); y que "las medidas adoptadas por este Tribunal son onerosas y privan a la compareciente de sus derechos bajo la Sección 12 de la Ley para el Ejercicio de la Abogacía del 11 de marzo de 1909" (Moción solicitando se deje sin efecto orden, pág. 3).

Con fecha de 15 de julio de 1993, una Sala Especial de Verano[1] emitió la siguiente resolución:

> Evaluada *toda* la conducta observada durante los pasados cuatro (4) años por la Lcda. María O. Lassalle Pérez respecto a la gestión que le encomendara la Sra. Carmen Martínez Velilla, la actitud observada por dicha abogada respecto a los requerimientos que le hiciera la Oficina del Procurador General de Puerto Rico y respecto a las Resoluciones emitidas por este Tribunal, tendrá la abogada María O. Lassalle Pérez el término de diez (10) días para mostrar causa por la cual no deba ser objeto de la imposición de sanciones por este Tribunal. *Exhibit*, pág. 1.

La licenciada Lassalle Pérez compareció ante este Tribunal, mediante escrito de fecha 2 de agosto de 1993, en cumplimiento de la mencionada resolución. Dos (2) días más tarde, el 4 de agosto de 1993, la licenciada Lassalle Pérez radicó una "Moción en auxilio de jurisdicción" en la cual, en síntesis, reitera que la "tardanza" de este Tribunal en reinstalarla a la práctica de la profesión le está causando graves dificultades.

---

[1] La misma estuvo integrada por el Juez Asociado Señor Rebollo López como su Presidente, la Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Fuster Berlingeri.

En el día de hoy, la mencionada Sala Especial de Verano, por votación mayoritaria, resuelve reinstalar al ejercicio de la profesión a la licenciada Lassalle Pérez, *limitándose a apercibirla* por la conducta profesional observada por ésta. *Disentimos*.

I

Establece, *en lo pertinente*, el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, que:

> Es *deber* del abogado defender los intereses del cliente *diligentemente*, desplegando en cada caso su más profundo saber y habilidad *y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.* (Énfasis suplido.)

Reiteradamente hemos expresado que los Cánones del Código de Ética Profesional, los cuales establecen las *normas básicas* que rigen la relación de un abogado con su cliente, si bien le reconocen al abogado el derecho de aceptar o rechazar una representación profesional, exigen que, una vez el abogado acepta la misma, éste descargue su responsabilidad profesional *con la requerida rapidez y eficiencia* y que este Tribunal *no* tolerará conducta por parte de una abogado que sea demostrativa de un patrón de descuido y negligencia en el cumplimiento de sus obligaciones como abogado. *In re Acosta Grubb*, 119 D.P.R. 595, 603 (1987).

Conforme surge de la relación que de los hechos hiciéramos, la licenciada Lassalle Pérez *no ha podido tramitar una solicitud de declaratoria de herederos que le fuera encomendada hace cuatro (4) años.* Si sorprendente resulta ese hecho, *mayor sorpresa causa la explicación que brinda para ello la licenciada Lassalle Pérez.* Conforme su carta al Procurador General de Puerto Rico de fecha 18 de junio de 1993, su inhabilidad para conseguir unos certificados de nacimiento de unos herederos fue la causa de dicha tardanza; problema que ahora informa puede resolver en el

término de treinta (30) días. *En otras palabras, ahora se ha percatado que puede resolver en treinta (30) días lo que no ha hecho en cuatro (4) años.*

En vista a ello, somos del criterio que se impone la conclusión a los efectos de que la conducta observada por la licenciada Lassalle Pérez es "una crasa que denota falta de competencia o un menosprecio al sistema de administración judicial"; conducta que da lugar, al amparo de las disposiciones del citado Canon 18 del Código de Ética Profesional, a la imposición de sanciones disciplinarias de parte de este Tribunal. *In re Fernández Torres*, 122 D.P.R. 859 (1988).

## II

Tampoco podemos pasar por alto, en adición, la indiferencia demostrada por la licenciada Lassalle Pérez ante las órdenes emitidas por este Tribunal y la manifiesta desatención de esta abogada ante los requerimientos que le hiciera la Oficina del Procurador General. Reiteradamente hemos expresado que los abogados tienen la obligación de responder prontamente a los mandatos de este Tribunal y que su desatención a los mismos necesariamente ha de conllevar la imposición de sanciones disciplinarias. *In re Pérez Rodríguez*, 115 D.P.R. 810 (1984); *In re Díaz García*, 104 D.P.R. 171 (1975).

Por otro lado, hemos señalado —en *In re Pagán Ayala*, 115 D.P.R. 814, 816–817 (1984)— que:

En el descargo de nuestra facultad de reglamentar la profesión de abogado, la Oficina del Procurador General de Puerto Rico desempeña un importante papel. Una de las funciones principales que por mandato de ley lleva a cabo dicha oficina es la de investigar quejas referentes a posibles violaciones por parte de los abogados de los Cánones de Ética Profesional que regulan nuestra profesión, ya sean estas investigaciones originalmente ordenadas por este Tribunal, ya sean las mismas el producto de quejas de ciudadanos que directamente acuden ante dicho funcionario.

■ Es por ello que la pronta y responsable atención por parte de los abogados a esta clase de comunicaciones provenientes de la Oficina del Procurador General de Puerto Rico es de vital y necesaria importancia en relación con nuestra función de reglamentar la profesión. Siendo la Oficina del Procurador General, por decirlo así, el "brazo investigativo" de este Tribunal en casos de conducta profesional, la voluntaria y temeraria desatención de los abogados a esta clase de comunicación tiene el mismo efecto disruptivo en nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal.

■ En consecuencia, al igual que en *In re Pérez Rodríguez*, ante, resolvemos que procede la suspensión provisional del ejercicio de la abogacía de un abogado que sin excusa válida oportuna no haya cumplido en forma diligente con requerimientos hechos por la Oficina del Procurador General de Puerto Rico respecto a una queja contra él presentada en dicha oficina y que está siendo investigada por dicho funcionario con el propósito de rendir un informe sobre conducta profesional ante este Tribunal.

Conforme surge de la relación de hechos, la desatención a los requerimientos de la Oficina del Procurador General de Puerto Rico, por parte de la licenciada Lassalle Pérez, es manifiesta. La actitud de indiferencia asumida por esta abogada, inclusive, la llevó a desatender una orden de este Tribunal. Dicha conducta, en nuestra opinión, ameritaba la imposición de una sanción disciplinaria consistente en una suspensión del ejercicio de la profesión de abogado por un término de seis (6) meses; retroactivo el mismo al 11 de junio de 1993.