ANA TERESA LÓPEZ y OTROS, demandantes y apelantes, *v.* LEONOR PORRATA-DORIA y OTRA, demandadas y apeladas.

*Número:* AC-96-9          *Resuelto:* 28 de febrero de 1996

*René Pinto Lugo, Luis R. Ortiz Segura* y *Rafael A. Vilá Carrión,* abogados de la parte apelante; *Ángel Viera Martínez* y *Jorge L. Guerrero Calderón,* abogados de la parte apelada.

PER CURIAM:

I

El 17 de agosto de 1994, Ana Teresa López, Ricardo Calderón López, Jorge Calderón López y Arturo Baella (en adelante los demandantes) instaron demanda contra Leonor y Zoraida Porrata-Doria y otros (en adelante los demandados) reclamando indemnización por los daños y perjuicios resultantes de un accidente automovilístico. En esa

misma fecha se expidieron los correspondientes emplazamientos.([1])

El 9 de febrero de 1995 el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió una sentencia desestimando el caso por no haberse emplazado a la parte demandada dentro del término reglamentario para ello, a tenor con la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, ordenando así el archivo y sobreseimiento de la demanda. El archivo en autos de copia de notificación de dicha sentencia se efectuó el *23 de febrero de 1995*. Con anterioridad a la notificación de dicha sentencia, el *14 de febrero de 1995*, los demandantes solicitaron al tribunal un término adicional de seis (6) meses para diligenciar los emplazamientos. En la moción presentada a esos efectos, los demandantes alegaron que no habían concluido la recopilación de la prueba pericial necesaria para la efectiva tramitación del pleito. Ante dicha solicitud, el tribunal refirió a sus promoventes a la mencionada sentencia.

Posteriormente, el 2 de marzo de 1995, los demandantes presentaron moción de reconsideración y/o relevo de sentencia. En ésta, en síntesis, adujeron que la sentencia dictada por el tribunal de instancia fue prematura y contraria a la realidad del interés de dicha parte de continuar con la tramitación del caso. Afirmaron que el no haber diligenciado los emplazamientos con anterioridad obedeció a que se quería recopilar toda la información necesaria para tramitar el pleito de manera diligente y responsable. Asimismo, sostuvieron que próximamente procederían a enmendar la demanda para hacer alegaciones adicionales y a diligenciar los emplazamientos.

El 9 de marzo de 1995 el tribunal de instancia emitió una resolución para dejar sin efecto la sentencia dictada y

---

([1]) Por consiguiente, conforme la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap.III, los demandantes tenían hasta el 17 de febrero de 1995 para efectuar el diligenciamiento de los emplazamientos.

prorrogar el término para emplazar a cuarenta y cinco (45) días adicionales. Dicha resolución fue notificada el 13 de marzo de 1995. El 26 de abril de 1995 se emplazó a Zoraida Porrata-Doria y el 28 de abril de 1995 a Leonor Porrata-Doria.

Así las cosas, las demandadas cuestionaron la validez de estos emplazamientos. El 14 de agosto de 1995 se celebró una vista para discutir los planteamientos de las partes sobre el particular. Al día siguiente, el tribunal de instancia emitió una resolución que dictaminaba que las demandadas fueron válidamente emplazadas dentro de la prórroga concedida por el tribunal. Dicha resolución fue notificada a las partes el 17 de agosto de 1995.

Inconformes con tal determinación del tribunal de instancia, las demandadas acudieron mediante recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones, solicitando la nulidad de los emplazamientos y la reinstalación de la Sentencia de 9 de febrero de 1995. El 18 de diciembre de 1995 dicho foro apelativo dictó sentencia para revocar la resolución recurrida y desestimó la demanda incoada al resolver que no medió justa causa para prorrogar el término para emplazar, y que las demandadas fueron emplazadas fuera de la prórroga concedida por el tribunal. El archivo en autos de copia de notificación de dicha sentencia se efectuó el 28 de diciembre de 1995.

Oportunamente, el 16 de enero de 1996, los demandantes presentaron una moción de reconsideración y solicitud de vista oral, la cual se entendió rechazada de plano por el foro apelativo al éste no expresarse sobre ella.

De dicha sentencia del Tribunal de Circuito de Apelaciones, los demandantes apelantes acuden a nos en apelación, haciendo los señalamientos de error siguientes:

A. ERRO EL HONORABLE TRIBUNAL DE CIRCUITO DE APELACIONES AL INTERPRETAR EL LENGUAJE DE UNA ORDEN DE INSTANCIA CONCEDIENDO A ESTA PARTE "45 DIAS ADICIONALES" PARA EMPLAZAR, EN EL SENTIDO DE QUE ESE TERMINO ADICIONAL COMENZO A DECUR-

SAR A PARTIR DE LA FECHA EN QUE EXPIRO EL TER-
MINO ORIGINAL, Y NO A PARTIR DE LA FECHA EN QUE
SE NOTIFICO LA ORDEN PRORROGANDOLO. MAXIME
CUANDO LA PROPIA JUEZ DE INSTANCIA *CLARA E IN-
EQUIVOCAMENTE* EXPRESO MEDIANTE UNA RESOLU-
CION POSTERIOR, QUE EL VERDADERO SIGNIFICADO
DE SU ORDEN ERA EL SEGUNDO.

B. ERRO EL HONORABLE TRIBUNAL DE CIRCUITO DE
APELACIONES AL DESESTIMAR LA DEMANDA INCOADA
POR LA PARTE AQUI COMPARECIENTE CONTRA LAS DE-
MANDADAS APELADAS, TENIENDO ELLO COMO CONSE-
CUENCIA, EL PRIVAR A LA PARTE AQUI COMPARE-
CIENTE DE SU DIA EN CORTE.

C. ERRO EL HONORABLE TRIBUNAL DE CIRCUITO DE
APELACIONES AL FORZOSAMENTE CONCLUIR QUE LA
MOCION DE RECONSIDERACION Y/O RELEVO DE SEN-
TENCIA PRESENTADA POR LA DEMANDANTE APELANTE
EL 2 DE MARZO DE 1995, CONTENIA EXPRESIONES DE-
LIBERADAMENTE FALSAS QUE PROBABLEMENTE IN-
DUJERON A ERROR AL TRIBUNAL DE INSTANCIA,
CUANDO DEL RECORD DEL CASO SURGE CLARAMENTE
QUE EXISTIO JUSTA CAUSA EN APOYO A DICHA
MOCION.

El 13 de febrero de 1996 las demandadas apeladas com-
parecieron ante nos y presentaron un escrito de oposición a
la apelación y una solicitud de desestimación de ésta.

Hemos examinado los escritos de ambas partes y proce-
demos a resolver conforme lo dispuesto en la Regla 54 de
nuestro Reglamento, 4 L.P.R.A. Ap. I-A.

II

En síntesis, a través de su primer señalamiento de
error, aducen los demandantes apelantes que incidió el Tri-
bunal de Circuito de Apelaciones al determinar que el tér-
mino de cuarenta y cinco (45) días adicionales concedido
por el tribunal de instancia para emplazar comenzó a
transcurrir a partir del vencimiento del término original.
Aducen, por consiguiente, que erró el foro apelativo al re-

solver que se emplazó a las demandadas fuera del plazo aludido y que eran inválidos tales emplazamientos. Sostienen los apelantes, por el contrario, que el referido término comenzó a transcurrir a partir de la notificación de la resolución del tribunal que concede dicho plazo, por lo que los emplazamientos de las demandadas fueron diligenciados dentro de éste. Argumentan en apoyo de su contención que tal fue el alcance reconocido a dicha orden por el propio tribunal de instancia mediante su posterior resolución que resolvió que las demandadas fueron válidamente emplazadas dentro de la prórroga concedida. Tienen razón los apelantes. El error aludido se cometió. Veamos.

En el caso de autos la demanda se presentó el *17 de agosto de 1994* y en esa misma fecha se expidieron los correspondientes emplazamientos. Por consiguiente, los demandantes tenían hasta el *17 de febrero de 1995* para efectuar el diligenciamiento de los emplazamientos. El *9 de febrero de 1995*, o sea, ocho (8) días antes de que venciera el término original para emplazar, el tribunal de instancia dictó sentencia desestimando el caso por no haberse emplazado a la parte demandada dentro del término establecido para ello en la Regla 4.3(b) de Procedimiento Civil, *supra*, ordenando así el archivo y sobreseimiento de la demanda. El archivo en autos de copia de notificación de dicha sentencia se efectuó el *23 de febrero de 1995*. El *14 de febrero de 1995*, o sea tres (3) días antes de que expirara el término para emplazar y nueve (9) días antes de que se notificara la referida sentencia desestimatoria, los demandantes solicitaron un término adicional de seis (6) meses para diligenciar los emplazamientos. Con posterioridad a la notificación de la referida sentencia, el *2 de marzo de 1995*, los demandantes presentaron una moción de reconsideración y/o relevo de sentencia predicada en que la sentencia dictada por el tribunal de instancia resultó prematura y contraria a la realidad del interés de dicha parte de continuar con la tramitación del caso. En atención a dicha

moción, el *9 de marzo de 1995* el tribunal de instancia emitió una resolución dejando sin efecto la sentencia dictada y prorrogando el término para emplazar a cuarenta y cinco (45) días adicionales. Dicha resolución fue notificada a las partes el *13 de marzo de 1995*. El 26 y 28 de abril de 1995 se emplazó a las demandadas Zoraida y Leonor Porrata-Doria, respectivamente. Ante la impugnación de la validez de los referidos emplazamientos por parte de las demandadas, el 14 de agosto de 1995 el tribunal de instancia celebró una vista oral para discutir los planteamientos de las partes al respecto. Tras analizar las argumentaciones vertidas en la referida vista y el trámite procesal del caso, el tribunal de instancia emitió una resolución reconociendo que las demandadas fueron válidamente emplazadas dentro de la prórroga concedida.

Como puede observarse, del trámite reseñado se desprende que el propio tribunal de instancia que emitió la orden para conceder el plazo adicional para emplazar —tras analizar los argumentos de las partes en torno a la validez del diligenciamiento de los emplazamientos— resolvió que las demandadas habían sido válidamente emplazadas dentro de la prórroga concedida para ello. Reconoció así dicho foro que el referido plazo comenzó a transcurrir a partir de la notificación de la resolución mediante la cual se concedió la prórroga en cuestión.

Indiscutiblemente, el análisis del trámite procesal del caso revela que el foro a quo tenía que resolver como lo hizo, toda vez que previo a la emisión de la resolución que concedía el plazo adicional para emplazar, el tribunal de instancia había actuado prematuramente al decretar mediante sentencia la desestimación y archivo de la demanda de autos. Por ello, no es hasta que dicho foro notifica su resolución que deja sin efecto la sentencia aludida que comenzó a transcurrir el plazo concedido. Resolver, como lo hizo el Tribunal de Circuito de Apelaciones, que el referido plazo comenzó a correr a partir del vencimiento del tér-

mino original implica el contrasentido de que el término adicional dado para que la parte diligenciara los emplazamientos hubiese comenzado a transcurrir sin que dicha parte pudiese cumplir con tal gestión, ya que no podía diligenciar los emplazamientos con copia de una demanda desestimada. Igualmente, ello conllevaría que el plazo adicional de cuarenta y cinco (45) días concedido por el tribunal de instancia a la parte demandante para emplazar, quedaría reducido a menos de la mitad, pues a la fecha de la notificación de la resolución que lo concedió ya habían transcurrido veinticuatro (24) días del vencimiento del término original para emplazar.

En apoyo de su dictamen, el Tribunal de Circuito de Apelaciones sostiene, según consignado en su sentencia, que lo que la Regla 4.3(b) de Procedimiento Civil, *supra*, contempla es extender o prorrogar un término y no establecer uno nuevo. Tal razonamiento es contrario a nuestros pronunciamientos que reconocen la discreción que le asiste al tribunal de instancia para prorrogar el término establecido por la Regla 4.3(b) de Procedimiento Civil, *supra, aun cuando se le haya solicitado la prórroga luego de haber vencido el término*, siempre y cuando la parte que lo solicita demuestre causa para ello y no haya abuso de discreción por parte de dicho foro. *Banco Metropolitano v. Berríos*, 110 D.P.R. 721 (1981); *Lugo v. Municipio de Bayamón*, 111 D.P.R. 679 (1981); *Lluch v. España Service Sta.*, 117 D.P.R. 729 (1986); *In re Fernández Torres,* 122 D.P.R. 859 (1988).

En virtud de lo anterior, forzoso nos resulta concluir que el término adicional para emplazar concedido a los demandantes comenzó a correr a partir de la notificación de la resolución mediante la cual se decretó el término adicional y no a partir del vencimiento del término original para emplazar como erróneamente determinó el Tribunal de Circuito de Apelaciones. Por consiguiente, resolvemos que las demandadas fueron emplazadas dentro del término

adicional concedido para ello, y que eran válidos tales emplazamientos.

## III

En síntesis, a través de su segundo y tercer señalamiento de error, aducen los demandantes apelantes que incidió el Tribunal de Circuito de Apelaciones al determinar que no hubo justa causa para prorrogar el término y por ello revocar la resolución del tribunal de instancia que sostenía la validez de los emplazamientos efectuados dentro del término adicional concedido por dicho foro para emplazar. Argumentan los apelantes que las razones aducidas a favor de la concesión del término adicional para emplazar denotan justa causa, y que así lo reconoció el tribunal de instancia tras analizar las argumentaciones de las partes sobre el particular en vista oral. Afirman, además, que tal determinación del foro apelativo resulta contraria a la política judicial de que los casos se ventilen en sus méritos. Tienen razón los apelantes en cuanto a este planteamiento también. El error se cometió. Veamos.

En *Banco Metropolitano v. Berríos*, supra, según reiterado en *Lugo v. Municipio de Bayamón*, supra, dejamos establecido que el término de seis (6) meses dispuesto por la Regla 4.3(b) de Procedimiento Civil para diligenciar el emplazamiento a una parte no es jurisdiccional sino de cumplimiento estricto, ya que los tribunales gozan de discreción para prorrogarlo, siempre que la parte que lo solicita demuestre justa causa y no se cometa abuso de discreción por parte de dicho foro.

Como parte de la sentencia de la cual se recurre, el Tribunal de Circuito de Apelaciones resolvió que el tribunal de instancia abusó de su discreción al prorrogar el término para emplazar, pues entendió que no se adujo justa causa para la concesión de la prórroga solicitada. Al respecto, señaló el foro apelativo que tanto en los escritos que surgen

del expediente, como de las resoluciones del tribunal de instancia, no se consignó la justa causa para conceder la prórroga solicitada y que la solicitud de término adicional presentada por los demandantes se limitaba a indicar que no se había recopilado prueba pericial necesaria para la efectiva tramitación del pleito, lo cual a su entender no constituía justa causa. Además, concluyó dicho foro que las razones dadas por los demandantes en su moción de reconsideración y/o de relevo de sentencia para justificar la demora en la tramitación del pleito no eran ciertas y se hicieron meramente para justificar el incumplimiento con el término de la Regla 4.3(b) de Procedimiento Civil, *supra*. En específico, el foro apelativo se refirió al hecho de que en la referida moción los demandantes adujeron —como muestra de su interés en continuar los procedimientos— que próximamente procederían a enmendar la demanda para hacer alegaciones adicionales, lo que nunca se hizo.

Si bien es cierto que en las resoluciones emitidas por el tribunal de instancia no se consignó expresamente cuál era la justa causa para conceder la prórroga, no es menos cierto que en su Resolución de 15 de agosto de 1995 dicho foro indicó que *tras haber analizado nuevamente y con detenimiento las argumentaciones de las partes en torno a la validez de los emplazamientos de las demandadas vertidos en vista oral celebrada el 14 de agosto de 1995, y examinado el trámite procesal del caso*, resolvía que las demandadas fueron emplazadas dentro de la prórroga concedida para ello. Ello ciertamente implica que el tribunal de instancia entendía que había mediado justa causa para conceder el término adicional para emplazar.

De otra parte, contrario a lo resuelto por el foro apelativo, somos del criterio que dada la naturaleza de la causa de acción de los demandantes, la justificación ofrecida por éstos para solicitar un término adicional para emplazar a la demandadas —a saber, que no se había concluido la recopilación de la prueba pericial necesaria para la efectiva

tramitación del pleito— constituía justa causa para prorrogar el término para diligenciar los emplazamientos de haber sido debidamente sustentada ante el foro de instancia. Adviértase que la causa de acción de los demandantes está predicada en un accidente automovilístico en que se vieron involucrados dos (2) menores y en el cual uno resultó muerto y el otro, como consecuencia de las lesiones neurológicas y la pérdida de memoria, no recuerda nada de lo ocurrido. Por ello, ante la alegada ausencia de testigos presenciales de los referidos hechos, resultaba necesaria la reconstrucción, investigación y recopilación de pruebas, dependiéndose en especial de la prueba pericial que apuntase hacia la causa o causas del accidente, para poder imputar responsabilidad por los daños acaecidos a consecuencia de éste.

Finalmente, estimamos que el foro apelativo actuó precipitadamente al concluir que las razones dadas por la parte demandante en su moción de reconsideración y/o de relevo de sentencia, para justificar la demora en la tramitación del pleito, no eran ciertas y que indujeron a error al tribunal de instancia, basado todo ello en que los demandantes no habían procedido a enmendar su demanda, según hábían anticipado en la referida moción. En primer término, dicho tribunal debió advertir que el caso de autos se encuentra en sus etapas iniciales. Ciertamente, ante la impugnación de los emplazamientos, que ponía en juego la supervivencia de su causa de acción, correspondía a los demandantes defender su validez, antes de proceder a enmendar la demanda, pues de desestimarse ésta cualquier enmienda hubiese resultado académica.

En segundo término, el foro apelativo debió tomar en consideración que si bien, hasta ese momento, los demandantes no habían procedido a enmendar su demanda, dicha parte, tras solicitar y obtener término adicional para emplazar, desistió sin perjuicio voluntariamente de su reclamación contra tres (3) de los codemandados mediante

moción presentada a tales efectos el 17 de mayo de 1995.(²) Esto no solamente implica que tras evaluar la prueba recopilada los demandantes entendieron no contar con evidencia para sostener una causa de acción contra ellos, sino, además, que hubo cambios en el cuerpo de las alegaciones contenidas en la demanda.

En virtud de lo antes expuesto, resolvemos que incidió el Tribunal de Circuito de Apelaciones al determinar que no hubo justa causa para prorrogar el término y, por lo tanto, revocar la resolución del tribunal de instancia que sostiene la validez de los emplazamientos efectuados dentro del término adicional concedido por dicho foro para diligenciar los emplazamientos.

Por los fundamentos antes expuestos, se dictará sentencia para revocar la sentencia recurrida. Se devolverá el caso al foro de instancia para que continúen allí los procedimientos conforme a lo aquí resuelto.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López, la Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Hernández Denton no intervinieron.

---

(²) Dicha solicitud de los demandados fue acogida por el tribunal de instancia que emitió sentencia parcial de archivo a tales efectos el 23 de mayo de 1995.