# 2002 DTA 121

## TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN
PANEL IV

AMADA RUIZ BRITO, POR SI Y EN REPRESENTACION
DE LA MENOR CHERIBEL CARPIO RUIZ
Apelante

v.

MUNICIPIO DE SAN JUAN
Apelado

Núm. KLAN-01-00834

San Juan, Puerto Rico, a 31 de julio de 2002

Panel integrado por su Presidente, Juez Gierbolini
y los Jueces Cordero y Rodríguez Muñiz

Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Oportunamente, Amada Ruiz Brito (*"Ruiz"*) presentó una apelación ante este Tribunal en la que solicitó la revisión de la sentencia parcial emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 21 de marzo de 2001, notificada el 28 de marzo de 2001. De dicha sentencia parcial se presentó una moción de reconsideración el 11 de abril de 2001. El foro apelado, al recibir la misma el 11 de junio de 2001, la consideró en esa misma fecha al ordenar a Ruiz presentar su posición, por lo que la moción de reconsideración interrumpió el término para apelar ante este Tribunal. Así, el 19 de julio de 2001, notificada el 30 de julio de 2001, el Tribunal de Primera Instancia ratificó su Sentencia Parcial del 21 de marzo de 2001, objeto de revisión ante este Tribunal.

### I

El 3 de octubre de 1996, se presentó demanda en el presente caso en la que, en síntesis, se alega que para el 17 de agosto de 1996, el esposo de Ruiz, Enrique Carpio Peña (*"Carpio"*), sentía fuertes dolores en el pecho, por lo que fue llevado al Centro de Diagnóstico y Tratamiento José S. Belaval (*"CDT"*) en donde fue atendido. Ruiz señala que se le informó que Carpio sufría de una infección de orina, por lo que fue recluido en el CDT. No obstante, se indica en la demanda que Carpio continuó con los fuertes dolores en el pecho, y fue atendido por personal médico en dicho CDT en donde a Carpio se le administró un relajante muscular por entender que la condición era causada porque éste fumaba cigarrillos. Posteriormente, fue dado de alta. Sin embargo, la condición de Carpio aparentemente empeoró el 19 de agosto de 1996, por lo que fue llevado por paramédicos al CDT y de allí trasladado al Centro Médico de Río Piedras en donde falleció por un infarto en el miocardio. Ruiz señala en la demanda que Carpio tenía síntomas compatibles con la condición que provocó el fallecimiento de éste, pero que al no ser sometido a los exámenes necesarios, no recibió la atención de acuerdo con los estándares médicos para ello, por lo que reclama daños y perjuicios.

Posteriormente, se enmendó la demanda el 2 de octubre de 1998 para incluir a Caribbean Hospital Corporation (*"CHC"*) contratista independiente que suscribió un contrato con el Municipio de San Juan para proveer servicio de guardias médicas al CDT. Luego, el 25 de noviembre de 1998, el Tribunal de Primera Instancia autoriza una segunda demanda enmendada que fue presentada el 13 de noviembre de 1998 en la cual, en lo pertinente, se trae al pleito a la Dra. Maritza de la Cruz (*"Dra. de la Cruz"*) como la doctora que dio de alta a Carpio y administró una inyección de Norflex. El 2 de diciembre de 1998, el Tribunal expide el emplazamiento de la Dra. de la Cruz.

El 27 de mayo de 1999, Ruiz presentó *"Moción Solicitando Prórroga para Diligenciar Emplazamiento"* en la que informó que no había podido emplazar a varios médicos, incluyendo la Dra. de la Cruz, debido a que ya no trabajaban en el CDT y se estaban haciendo gestiones con el Tribunal Examinador de Médicos para conseguir la dirección de éstos. Así, el 23 de julio de 1999, notificada el 29 de julio de 1999, el tribunal concedió una prórroga de treinta días para diligenciar el emplazamiento de la Dra. de la Cruz. Posteriormente, el 30 de septiembre de 1999, Ruiz presentó una *"Moción Solicitando Prórroga Adicional para Diligenciar Emplazamientos"* en la que se señala que no se ha podido localizar a los codemandados y que no se había informado de tal situación, ya que el abogado fue sometido a una operación quirúrgica el 23 de agosto de 1999, razón por la cual estuvo fuera de su oficina hasta el 20 de septiembre de 1999. Esta nueva moción solicitando prórroga fue acogida el 6 de diciembre de 1999, notificada el 13 de diciembre de 1999, en la que el tribunal

concedió una prórroga adicional de veinte días para diligenciar el emplazamiento de la Dra. de la Cruz, por lo que ésta fue finalmente emplazada el 24 de diciembre de 1999.

El 5 de abril de 2000, mediante *"Moción de Desistimiento y en Cumplimiento de Orden"*, Ruiz desistió de su reclamación contra varios codemandados que no intervinieron con Carpio. La moción presentada fue aceptada por el Tribunal de Primera Instancia mediante sentencia parcial el 11 de mayo de 2000, notificada el 16 de mayo de 2000.

El 14 de enero de 2000, la Dra. de la Cruz solicitó, sin someterse a la jurisdicción, una prórroga para contestar la demanda. Luego, el 17 de octubre de 2000, ésta presentó una *"Moción Solicitando Desestimación bajo la Regla 4.3 de Procedimiento Civil"* en la cual, en síntesis, indicó que el emplazamiento fue uno diligenciado en exceso del término de seis (6) meses que dispone la Regla 4.3(b) de las de Procedimiento Civil, que las prórrogas concedidas no se ajustan a la jurisprudencia que señala como el inicio del término para emplazar la presentación de la demanda y, además, que Ruiz no justificó con hechos y circunstancias meritorias la solicitud de prórroga. Se acompañó también, declaración jurada en la que se indica que la Dra. de la Cruz prestó servicios en fines de semanas alternos en el CDT desde el 1997 al 30 de junio de 1999. Ruiz solicitó prórroga para contestar esta moción de desestimación.

La Dra. de la Cruz, para noviembre de 2000, presentó *"Réplica a Moción de la parte Demandante"* en la que se opuso a una solicitud de Ruiz para que contestara la segunda demanda enmendada. La Dra. de la Cruz argumentó que no ha contestado la demanda porque solicitó la desestimación de ésta. Con relación a esta moción, el foro apelado, mediante orden del 16 de enero de 2001, emitió una orden en la que señaló vista de estado procesal para el 8 de junio de 2001.

En el ínterin, el Tribunal de Primera Instancia ordenó el 4 de diciembre de 2000, notificada el 11 de diciembre de 2000, a la Dra. de la Cruz contestar la Segunda Demanda Enmendada, a lo que ésta se opuso nuevamente mediante *"Moción en Cumplimiento de Orden"* del 18 de diciembre de 2000 en la que señaló otra vez que no debía contestar la misma hasta que el tribunal resolviera si procede o no la desestimación solicitada bajo la Regla 4.3 de Procedimiento Civil. El Tribunal de Primera Instancia, con relación a la *"Moción en Cumplimiento de Orden"*, el 12 de febrero de 2001, notificada el 16 de febrero de 2001, indicó *"Reconsideramos orden y habiéndose pautado previamente vista de estado procesal para el 8 de junio de 2001, recibiremos entonces la argumentación de las partes a petición de desestimación"*.

Mientras tanto, la Dra. de la Cruz solicitó para febrero de 2001 que se declarara con lugar la solicitud de desestimación. El Tribunal de Primera Instancia, el 2 de febrero de 2001, notificada el 9 de febrero de 2001, concedió a Ruiz veinte días para oponerse a la moción de desestimación. Pero el 21 de marzo de 2001, notificada el 28 de marzo de 2001, el Tribunal de Primera Instancia dictó la Sentencia Parcial objeto del presente recurso que lee como sigue:

*"Atendida la naturaleza de la reclamación de título y el plazo vencido sin que la parte demandante haya atendido orden del Tribunal del día 2 de febrero de 2001, en virtud de las disposiciones de la Regla 39.2(a) y 43.5 de Procedimiento Civil vigente, se ordena el sobreseimiento y archivo del caso de epígrafe en cuanto a la reclamación que ejercita contra la codemandada Dra. Maritza de la Cruz, por no existir razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito."*

De la antes transcrita sentencia parcial se solicitó reconsideración que fue objetada por la Dra. de la Cruz, quien apuntó que Ruiz *"no ha radicado escrito alguno en réplica a la moción de desestimación..."*, por lo que entiende que no puede pretender presentar en la vista previamente señalada, sin presentar escrito alguno, su posición en cuanto a la moción de desestimación. Ratificada la sentencia parcial del foro apelado mediante orden del 19 de julio de 2001, notificada el 30 de julio de 2001, Ruiz acude ante nos y señala que erró el

Tribunal de Primera Instancia al declarar con lugar la moción de desestimación presentada por la Dra. de la Cruz y en consecuencia ordenar el sobreseimiento y archivo de la reclamación de daños y perjuicios. Para fundamentar el error señalado, Ruiz sostiene que no ha incumplido con la orden del 2 de febrero de 2001, ya que el Tribunal de Primera Instancia reconsideró la misma con la orden del 12 de febrero de 2001 y señala que el emplazamiento a la Dra. de la Cruz fue debidamente diligenciado.

## II

La Regla 4.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R.4.1, establece lo siguiente:

*"Presentada la demanda, el secretario expedirá inmediatamente un emplazamiento y lo entregará al demandante o su abogado. A requerimiento del demandante, el secretario expedirá emplazamientos individuales o adicionales contra cualesquiera demandados."*

El propósito del emplazamiento es notificar al demandado que una acción judicial fue instada en su contra, de manera que éste tenga oportunidad de comparecer a juicio, ser oído y presentar prueba a su favor. *Chase Manhattan v. Polanco*, 131 D.P.R. 530, 535 (1992).

A su vez, la Regla 4.3 (b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece los requisitos necesarios para que un emplazamiento sea válido. En lo pertinente, la Regla dispone:

*"El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante muestra justa causa para la concesión de prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora, desistida con perjuicio."*

El Tribunal Supremo resolvió recientemente en *Monell v. Mun. de Carolina*, 146 D.P.R. 20, 25 (1998), que para fines del término establecido en la Regla 4.3 de Procedimiento Civil para diligenciar los emplazamientos, éstos se consideran expedidos el mismo día en que se presente la demanda. Esto es, aun cuando pueda haber unos pocos días de diferencia debido a las demoras legítimas y comprensibles, no puede dejarse al arbitrio del demandante o de su abogado la fecha en que se tramitarán o procurarán los emplazamientos ni cuando los mismos serán expedidos. Por lo que el término de seis meses para diligenciar un emplazamiento según la Regla 4.3 de Procedimiento Civil comienza a contar el mismo día en que se presenta la demanda.

Por otra parte, la Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que:

*"Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, **el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) previa moción o notificación o sin ellas, ordenar que se prorrogue o acorte el término si así se solicitare antes de expirar el término originalmente prescrito o según prorrogado por orden anterior; o (2)** a plazo especificado permitir que el acto se realice si la omisión se debió a negligencia excusable; pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.3, 44.1, 47, 48.2, 48.4, 49.2, 53.1, 53.3, y 53.7, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas."* (Énfasis suplido.)

Esto deja por sentado con gran claridad la amplitud en la discreción judicial en la prórroga del término para diligenciar el emplazamiento, discreción para determinar, en el momento procesal en que suscite la cuestión, si medió justa causa o negligencia excusable en la omisión combatida. *López v. Porrata-Doria,* 140 D.P.R. 96, 103 (1996); *In re: Fernández Torres*, 122 D.P.R. 859, 860 (1988); *Ortalaza v. F.S.E.*, 116 D.P.R. 700, 703 (1985); *Pietri González v. Tribunal Superior*, 117 D.P.R. 638, 640 (1986); *Lugo v. Municipio de Bayamón*, 111

D.P.R. 679, 680 (1981).

En *Banco Metropolitano v. Berrios*, 110 D.P.R. 721, 723-725 (1981), el Tribunal Supremo resolvió que el término de seis meses provisto por la Regla 4.3 (b) de Procedimiento Civil, *supra*, no es un término jurisdiccional, sino de cumplimiento estricto, debido a que los tribunales, en el ejercicio de su discreción, pueden prorrogar el término para diligenciar el emplazamiento aún después de vencidos los plazos fijados en la Regla 4.3(b), *supra*. La discreción de los tribunales para prorrogar dicho término no puede ser ejercitada en el vacío ni arbitrariamente, ya que siempre debe haber una razón bien fundada que mueva la conciencia judicial. *Monell v. Mun. de Carolina, supra*, a la pág. 26; *López v. Porrata-Doria, supra*, a la pág. 702; *Banco Metropolitano v. Berríos, supra*, a las págs. 723-725; *Lugo v. Municipio de Bayamón, supra*, a la pág. 680.

La concesión de la prórroga depende de que el tribunal entienda que existe justa causa para concederla o si medió negligencia excusable por parte del demandante. El demandado podrá, como defensa, o sin someterse a la jurisdicción del tribunal, señalarle al tribunal de instancia, o a Secretaría, la expiración del término concedido por la Regla 4.3(b) a los fines de lograr la desestimación bajo la Regla 39.2(b), Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III. *Banco Metropolitano v. Berrios, supra*, 110 D.P.R. a la pág. 724. La sanción de desestimación con perjuicio ordenada por la Regla 4.3(b) por la falta de diligencia en el emplazamiento está predicada sobre la sana discreción del tribunal en la estimación de justa causa. *Id., supra*, a las págs. 724-725.

### III
Por otra parte, en nuestro ordenamiento procesal, los tribunales tienen discreción, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte. La Regla 39.2(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2(a), permite al tribunal, *motu proprio* o a petición de parte, decretar la desestimación de un pleito o de cualquier reclamación si el demandante dejare de cumplir con las reglas de procedimiento civil o con cualquier orden del tribunal. La Regla 39.2(a), *supra*, establece lo siguiente:

*"(a) Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él."*

Aunque la Regla 39.2(a) de Procedimiento Civil, *supra*, permite que un tribunal, en el ejercicio de su discreción, desestime un pleito si el demandante no cumple con cualquier orden del tribunal o con las disposiciones de las reglas de procedimiento civil, la desestimación es una sanción drástica que sólo debe ser impuesta en casos tan extremos que no haya duda de la irresponsabilidad y contumacia de la parte contra quien es aplicada la sanción. *Fernández Sánchez v. Fernández Rodríguez*, 120 D.P.R. 422, 426 (1988); *Garriga Gordils v. Maldonado Colón*, 109 D.P.R. 817, 822 (1980); *Acevedo v. Cía Telefónica de P.R.*, 102 D.P.R. 787, 791 (1974).

A tales efectos, la trayectoria de la jurisprudencia de los últimos años señala la preferencia de la sanción económica como primera alternativa y ésta procede contra el abogado de la parte si es demostrado que éste es el responsable de la dejadez procesal. Sólo cuando otras sanciones han sido inefectivas, es que procede el desestimar un pleito como sanción. *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807, 814 (1986); *Arce v. Club Gallístico de San Juan*, 105 D.P.R. 305, 307-308 (1976); Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, **Publicaciones J.T.S.**, 1985, a la pág. 205. Sin embargo, el ejercicio de la discreción judicial al momento de imponer sanciones requiere un balance delicado y difícil entre la obligación de los tribunales de velar porque los casos sean ventilados sin demora y el derecho de toda parte a tener su día en corte. *Amaro González v. First Fed. Savs.*, 132 D.P.R 1042, 1051 (1993). Cuando estos dos principios fundamentales de nuestro ordenamiento procesal civil son contrapuestos, los tribunales deben inclinar la balanza a favor del derecho de todo litigante a que sus alegaciones sean ventiladas en sus méritos, ya que la razón de ser de nuestro ordenamiento procesal y de nuestro esquema adjudicativo es hacer justicia, y un

elemento *sine qua non* de este empeño, es el derecho de toda parte a tener su día en corte. *Ortiz Rivera v. Agostini*, 92 D.P.R. 187, 193 (1965). Por esta razón, antes de que el tribunal desestime la demanda, es requisito que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida.

**IV**

En el caso ante nos, la prórroga solicitada para tramitar el emplazamiento se solicitó dentro del término de seis meses que disponen las Reglas de Procedimiento Civil; no obstante, la Dra. de la Cruz señala que el Tribunal de Primera Instancia concedió dichas prórrogas sin justificación adecuada para ello.

De los hechos ante nos surge que en la primera solicitud de prórroga, Ruiz justifica la concesión de la misma al señalar que los codemandados, entre ellos, la Dra. de la Cruz, no trabajaban en el CDT, ■ por lo que se estaban haciendo gestiones en el Tribunal Examinador de Médicos para localizar a los codemandados. El Tribunal de Primera Instancia concedió una prórroga de treinta días. Posteriormente, se solicitó nueva prórroga en la cual se alegó que los codemandados aún no se han localizado y que se han hecho diligencias en el Tribunal Examinador de Médicos para localizar los mismos y a través de la guía telefónica, pero que las mismas han sido infructuosas. Además, se señaló que debido a una operación quirúrgica del abogado, no se pudo informar anteriormente estos hechos al tribunal. Nuevamente, el Tribunal de Primera Instancia concede una prórroga el 13 de diciembre de 1999. La Dra. de la Cruz fue emplazada el 24 de diciembre de 1999. Esta, sin someterse a la jurisdicción, presentó una moción de desestimación por incumplimiento con la Regla 4.3(b) de Procedimiento Civil y el tribunal ordenó el 2 de febrero de 2001 a Ruiz presentar su oposición.

No obstante, el Tribunal de Primera Instancia ordenó a la Dra. de la Cruz presentar su contestación a la demanda, a lo que ésta se opuso alegando que era necesario resolver si procedía o no la desestimación según solicitada. Así las cosas, el foro apelado, el 12 de febrero de 2001, reconsideró la orden a la Dra. de la Cruz de presentar su contestación a la demanda e indicó que en la vista del estado procesal recibirían la argumentación de las partes con relación al planteamiento de desestimación. Ante esta orden, Ruiz consideró que no debía presentar su oposición porque el Tribunal de Primera Instancia señaló que los planteamientos en torno a la petición de desestimación serían atendidos en la vista del 8 de junio de 2001. El 21 de marzo de 2001, el foro apelado entendió que ésta no presentó su oposición según la orden del 2 de febrero de 2001, por lo que procedió a ordenar el sobreseimiento y archivo del caso de epígrafe.

El tribunal, sin previo apercibimiento, procedió a ordenar el sobreseimiento del archivo del caso por el alegado incumplimiento de Ruiz con la orden del 2 de febrero de 2001. La desestimación como sanción sólo debe prevalecer en situaciones extremas que evidencien de modo claro e inequívoco la desatención y el abandono total de la parte con interés. *Municipio de Arecibo v. Almacenes Yakima del Atlántico, Inc.*, \_\_D.P.R. \_\_ (6 jun. 2001), **2001 J.T.S. 82**, a la pág. 1305; *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807, 814 (1986). Este no es el caso de Ruiz. Claramente se puede observar del expediente y las circunstancias del caso ante nos que ésta no ha desatendido su causa de acción. El incumplimiento con la orden del 2 de febrero de 2001, es resultado directo de una orden posterior de ese foro en la que indicó que en la vista del estado procesal recibiría la argumentación de las partes a petición de desestimación. Por tanto, Ruiz no debe ser castigada con la drástica sanción del archivo de su causa de acción.

**V**

Por los fundamentos antes expuestos, se revoca la Sentencia Parcial emitida por el Tribunal de Primera Instancia y se devuelve el caso para que dicho foro determine, en primer lugar, si el emplazamiento prorrogado fue conforme a derecho y continúe con los trámites correspondientes.

El Juez Gierbolini concurre con el resultado sin opinión escrita.

Lo acuerda y manda este Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 2002 DTA 121**

**1.** Cabe señalar que en la solicitud de desestimación de la Dra. de la Cruz, se acompañó Declaración Jurada en la que se indicaba que ésta trabajó en el CDT durante fines de semana alternos desde el 1997 hasta el 30 de junio de 1999.