Urgell Cuebas, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La apelante, Adoración Cadilla Gargallo, nos solicita que revisemos una Sentencia Parcial del Tribunal de Primera Instancia, Sala Superior de San Juan, dictada el 14 de septiembre de 1995. En ésta se desestimó la causa de acción del co-demandante, Víctor Cadilla Flores, quien falleció mientras se ventilaba la misma, en vista de que no se solicitó su sustitución, dentro del término provisto en la Regla 22.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III.
Señala la apelante que el tribunal erró al desestimar la causa de acción de Cadilla Flores aduciendo / que, en vista de que ella era la única heredera del causante y que siendo ya parte de la demanda •' instada, no era necesaria la sustitución dentro del término provisto en la Regla 22.1 (a), supra.
Considerados los planteamientos de las partes procedemos a confirmar la Sentencia Parcial dictada por el tribunal recurrido.
I
Los hechos pertinentes a la controversia surgida en este caso no están en controversia, los cuales pasamos a exponer.
El 26 de enero de 1989, la apelante Adoración Cadilla Gargallo y sus padres, Víctor Cadilla Flores y Rafaela Gargallo Fuentes, presentaron una demanda de daños y perjuicios contra la Sociedad Española de Auxilio Mutuo y Beneficencia en adelante, Auxilio Mutuo; el Dr. Blás Arroyo, su esposa y la Sociedad de Bienes Gananciales compuesta por ellos; el Dr. Luis E. Trigo Córdova, su esposa y la Sociedad de Gananciales compuesta por ellos; y las compañías de Seguros denominadas X, Y y Z. En la demanda reclaman daños por la muerte del menor José Alberto Cadilla Adams hijo de crianza de su tía Adoración Cadilla y nieto de Víctor Cadilla y Rafaela Gargallo. La acción de los demandantes está basada en impericia médica la cual sostienen fue la causa de la muerte del menor José Alberto. Como consecuencia de ello reclaman compensación económica por sufrimientos y angustias mentales.
Mientras se ventilaba el caso ante el tribunal recurrido falleció el co-demandante Víctor Cadilla Flores el 30 de agosto de 1994. El 4 de abril de 1995 o sea siete (7) meses y cuatro (4) días después su hija Adoración Cadilla Gargallo presentó una moción ante el tribunal recurrido informando del deceso de su padre. Solicitó además la sustitución del finado conforme la Regla 22.1(a), a los fines de ésta continuar, como sucesora, la causa de acción de su padre. El 12 de abril de 1995 el tribunal dictó una orden aceptando la sustitución de parte.
Mientras tanto, el 11 de abril de 1995 Auxilio Mutuo había presentado una moción oponiéndose a la sustitución de parte, la cual aparentemente el tribunal recurrido no tuvo ante su consideración al emitir la orden aceptando la sustitución de parte. El 2 de mayo de 1995 Auxilio Mutuo solicitó la reconsideración de la orden dictada reiterando su argumento original. El 11 de mayo del corriente, el tribunal recurrido dictó una orden dejando sin efecto la sustitución de parte, hasta tanto se discutiese el asunto en un próximo señalamiento. El 11 de agosto de 1995 el tribunal celebró una vista en la que se *1393 discutió el asunto planteado y el 14 de septiembre de ese año dictó Sentencia Parcial desestimando la causa de acción en cuanto a Víctor Cadilla Flores no permitiendo así la sustitución de éste según solicitada por la apelante. Luego de solicitar reconsideración y haber sido denegada la misma, recurre ante nos la apelante para revisar la Sentencia Parcial.
II
En su escrito de apelación aduce la apelante que el Tribunal de Primera Instancia erró al desestimar la causa de acción de Víctor Cadilla Flores basado en que los términos dispuestos en la Regla 22 1(a) de Procedimiento Civil, supra, no son aplicables a ésta en vista de que siendo ella parte en el caso no era necesario que se solicitase la sustitución dentro del término provisto en dicha Regla. Además ' señala que el tribunal abusó de su discreción al desestimar la causa de acción, aun cuando fuesen de ■ aplicación los términos dispuestos en la mencionada Regla. ,
En vista de que los dos errores señalados están íntimamente relacionados y tienen que ver con la ; aplicación e interpretación de la Regla 22.1(a) de Procedimiento Civil, supra, procederemos a : discutirlos en conjunto.
La Regla 22.1(a) de Procedimiento Civil, supra, dispone como sigue:
"Si una parte falleciere y la reclamación no quedare por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados notificarán de- su fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días contados desde la fecha en que se conozca tal hecho. El • tribunal, a solicitud hecha dentro de los seis (6) meses siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Si la sustitución no se hiciere, según se dispone anteriormente, el pleito será sobreseído en cuanto a la parte fallecida. Podrán presentar la solicitud de sustitución los sucesores o representantes del finado o cualquiera de las partes, y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67, y a las que no lo fueren en la forma que dispone la Regla 4."
El Tribunal Supremo hizo un análisis de la Regla 22.1(a) de Procedimiento Civil, supra, en el caso de Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664 (1989). A las páginas 684 y 685, el Tribunal expuso lo siguiente:
"El propósito de la Regla 22.1(a) de Procedimiento, supra, es el de establecer un mecanismo procesal mediante el cual, cuando una parte falleciere y la acción no quedare por ello extinguida, dicha acción se pueda continuar a favor o en contra de la parte realmente interesada. Esta regla, al igual que la Regla 39.2(b) de Procedimiento Civil, supra, al establecer los términos de treinta (30) días para notificar del fallecimiento de la parte y sesenta (60) días para solicitar la sustitución, atiende el interés público de que los asuntos en los tribunales se solucionen de forma expedita para evitar el perjuicio que la dilación pueda causar a las partes. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Estos términos, claro está, podrán ser prorrogados a tenor con lo dispuesto en la Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Lugo v. Municipio de Bayamón, 111 D.P.R. 679 (1981); Banco Metropolitano v. Berríos, 110 D. P.R. 721 (1981).

La Regla 22.1 de Procedimiento Civil, supra, distinto a su contraparte en la esfera federal, específicamente impone el deber de notificar sobre el fallecimiento de la parte, en el término de treinta (30) días contados a partir de la fecha en que se conozca el hecho, no sólo a las partes en el procedimiento, sino también a sus abogados. También, contrario a lo dispuesto en la regla federal, la sustitución no es discrecional; procede si en relación con la solicitud de sustitución se ha cumplido con el trámite procesal provisto en la Regla 22.1, supra."

Alega la apelante que bajo las circunstancias de este caso, no era necesario notificar y solicitar la sustitución dentro del término establecido en la Regla 22.1(a) de Procedimiento Civil, supra, en vista de que ésta heredó la causa de acción de su padre y que, siendo ya una parte dentro del procedimiento judicial, simplemente lo que había que hacer era reflejar en el récord dicho evento y la acción continuaba a favor del sucesor. No tiene razón la apelante.
La regla es clara a los efectos de que tiene que notificarse y solicitarse la sustitución de parte, *1394 independientemente de si la parte sucesora ya era una parte en el pleito.
Entendemos que es de estricto cumplimiento lo dispuesto en la Regla 22.1(a) de Procedimiento Civil, supra, y que el tribunal no cometió el error señalado.
Como segundo señalamiento de error, alega la apelante que el tribunal abusó de su discreción al desestimar la causa de acción del fallecido. No tiene razón la apelante.
La Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone en lo pertinente como sigue:
"Cuando por esta regla ...se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción, (1) ... ordenar que se prorrogue o acorte el término si así se solicitare antes de expirar el término originalmente prescrito ...; o (2)... después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable..." (Enfasis añadido.)
En el caso de autos la notificación del fallecimiento del co-demandante, Cadilla Flores se efectuó seis (6) meses y cuatro (4) días, luego de los treinta (30) días que establece la Regla 22.1(a) de Procedimiento Civil, supra. De igual manera, la solicitud de sustitución de parte se presentó un mes (1) y cuatro (4) días pasado el término de los seis (6) meses que dispone dicha regla. Tampoco se solicitó prórroga al tribunal dentro del término establecido para la sustitución de parte, por lo que procedía el sobreseimiento de la causa de acción del finado, salvo que se demostrase negligencia excusable para la tardanza.
En su escrito de apelación, la apelante no aduce ninguna justificación para la omisión de cumplir con la Regla 22.1(a) de Procedimiento Civil, supra. Menos aún la apelante ha establecido que su demora u omisión se debiese a negligencia excusable. Así el tribunal recurrido, actuó conforme a derecho. Meramente descansa en que la desestimación constituye la más severa sanción, la cual, a su juicio, no procedía. La regla procesal aquí concernida no da margen para otra acción por parte del tribunal. Esta es clara a los efectos de que procede el sobreseimiento de la acción de la parte fallecida, cuando no se solicita la sustitución dentro del término estipulado.
Finalmente, aduce la apelante que en el caso de Bush v. Remingtone Rand, 213 2d. 456, 1954, se resolvió la misma situación, a los efectos de que se autorizó una sustitución de parte una vez transcurrido el término que dispone la regla federal, similar a la que nos concierne en este caso. 
Dicho caso es distinto al que nos concierne. En el mismo el tribunal permitió la sustitución de parte, una vez decursado el período establecido en la regla federal, por entender que la acción no estaba prescrita y que podía comenzarse otra dentro del término de un (1) año a partir de la desestimación, si es que la misma se concedía. También basó su dictamen en que la solicitud de desestimación se presentó varios años después, cuando el caso estaba en una etapa avanzada de los procedimientos y donde la parte proponente de la desestimación conocía desde mucho antes del fallecimiento de la persona a ser sustituida.
En el caso de autos la apelante no ha alegado y menos establecido esas dos circunstancias de forma que pudiéramos entender que la desestimación de su acción sería académica o que el planteamiento fue renunciado por los apelados. Por ello no tenemos ante nos circunstancia alguna que nos mueva a entender que el tribunal de instancia abusó de su discreción.
III
Por las consideraciones anteriores, se confirma la Sentencia Parcial del Tribunal de Primera Instancia, Sala Superior de San Juan.
Regístrese y notifíquese.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
*1395 Secretaria General
ESCOLIOS 96 DTA 23
1. El texto de la opinión, en un aparente error, menciona sesenta (60) días, cuando debe ser seis (6) meses.
2. Cabe señalar, que en el escrito de apelación la apelante cita el caso incorrectamente, como Bush v. Remingstone Rand, Inc. 213, F2d. 256. Igualmente, en el escrito de apelación, se cita el caso de Thomas v. Green County, 146 Fd. 969, cuyo tomo y página no corresponden a éste.
3. Es sabido que lo expresado por el Tribunal de Circuito Federal sobre que en dicho caso es persuasivo y no nos obliga.