# 2000 DTA 148

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I DE SAN JUAN**
**PARTE III**

HECTOR LUIS MEJIAS AGUAYO, GIOVANNA RIVERA GARCIA, Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, POR SI Y COMO PADRES Y EN REPRESENTACION DEL MENOR HECTOR LUIS MEJIAS RIVERA; MARCELINA AGUAYO CALDERON, POR SI Y COMO VIUDA SUPERSTITE DE CARLOS MEJIAS LISBOA; HECTOR LUIS MEJIAS AGUAYO; CARLOS MEJIAS, POR SI Y COMO HIJOS, Y EN MEJIAS AGUAYO, CARLA MICHELLE EN REPRESENTACION DE LA CAUSA DE ACCION HEREDITARIA DE CARLOS MEJIAS LISBOA
Demandantes-Recurrentes

v.

AUTORIDAD DE ENERGIA ELECTRICA, GENESIS INSURANCE COMPANY, AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS; AMERICAN INTERNATIONAL INSURANCE CO.
Demandados-Recurridos

Núm. KLCE-2000-00007

San Juan, Puerto Rico, a 16 de junio de 2000

Panel Especial integrado por su Presidente, Juez Arbona Lago y los Jueces Urgell Cuebas y Ortiz Carrión

## TEXTO COMPLETO DE LA RESOLUCION

**Hechos**

Mientras don Carlos Mejías Lisboa y sus nietos Héctor Luis y Kenneth se encontraban en un dormitorio de la segunda planta de la residencia, sita en el número 17 del callejón 1, Calle Cuba de la Barriada Israel en Hato Rey, en o para la 1:30 p.m. comenzó un voraz incendio en el lugar. La Sra. Díaz, vecina del lugar, quien conversaba en su balcón con el Sr. Héctor Luis Mejías Aguayo, como a 40 pies de distancia del lugar del fuego, advirtió que del techo de la residencia salía humo y de inmediato notificó al Sr. Héctor Luis Mejías Aguayo, hijo de Don Carlos Mejías Lisboa y padre de Héctor Luis y Kenneth.

El Sr. Mejías Aguayo de inmediato subió al lugar del fuego y sólo pudo rescatar a su hijo Kenneth, mientras el fuego consumía el recinto y *"... parte del plafón y del zinc de la casa cayó, impidiendo que Mejías Aguayo lograse el mismo propósito con su padre y su hijo Héctor Luis."* (Véase alegación 4, Hechos de la Demanda de junio 19, 1997, Apéndice 1).

Mientras esto ocurría dentro de la residencia, un vecino contiguo arrojaba agua al fuego con una manguera casera y poca presión y otros auxiliaban a Don Carlos Mejías Lisboa a romper una ventana de aluminio, lo que logró, no obstante estar arropado en llamas *"... quedando atrapado de sus pies y colgando boca abajo. El vecino que había estado arrojando agua con su manguera se encargó de apagar las llamas que envolvían a Mejías Lisboa"*. (Véase, alegación 8, Hechos de la demanda de junio 19, 1997, Apéndice 1). Para cuando arriban los bomberos, la vivienda ya había sido consumida por las llamas.

Se imputa negligencia a la Autoridad de Energía Eléctrica de Puerto Rico y a la Autoridad de Acueductos y Alcantarillados de Puerto Rico. Respecto a la primera, se alega que la explosión e incendio de los cables eléctricos se debió a una sobrecarga de transformadores, lo que a su vez causó el incendio. A la segunda, se le imputa negligencia *"... al fallar en suplir agua y presión a través de hidratantes con capacidad para poder extinguir incendios como el anteriormente descrito."* (Véase alegación 4, Primera Causa de Acción de la Demanda de junio 19, 1997, Apéndice 1).

El 19 de junio de 1997, los demandantes del epígrafe accionaron judicialmente contra la Autoridad de Energía Eléctrica (A.E.E.), la Autoridad de Acueductos y Alcantarillados (A.A.A.) y sus respectivas compañías aseguradoras, entonces denominadas con nombres ficticios, en reclamación por los daños y perjuicios causados por el referido incendio, a consecuencia del cual fallecieron el menor Héctor Luis Mejías Rivera y su abuelo el Sr. Carlos Mejías Lisboa y resultó pérdida total la vivienda.

El 23 de junio de 1998, la demanda fue enmendada para sustituir los nombres ficticios de las compañías aseguradoras por los nombres reales, a saber, Genesis Insurance Company (Genesis) por la A.E.E. y American International Insurance Company of Puerto Rico (AIICO) por la A.A.A. Todas las partes codemandadas fueron debidamente emplazadas. En cuanto a la codemandada Genesis, cuyo emplazamiento fue correctamente

expedido el 30 de septiembre de 1998, luego de sustituido el nombre ficticio por el correcto, entonces no tenía oficinas en Puerto Rico, por lo que la demandante se comunicó con la A.E.E. y alegadamente ésta le indicó que podía diligenciar el emplazamiento a través de la división legal de la Autoridad, lo que realizó el 15 de febrero de 1999 a través del Lcdo. Raúl E. Rosario.

Así las cosas, la A.A.A. solicitó la desestimación de la demanda en su contra. Reclamó la inmunidad conferida por la sección 4 (c) de la Ley de Acueductos y Alcantarillados de Puerto Rico, *supra*, que dispone que la Autoridad de Acueductos y Alcantarillados de Puerto Rico *"no podrá ser demandada por daños y perjuicios causados por la impureza, irregularidad o insuficiencia real o alegada del agua servida por ella."* La demandante presentó réplica en contra, bajo el fundamento de que la inmunidad no aplica a situaciones donde el daño surge como consecuencia de la irresponsabilidad en el servicio, manejo y mantenimiento de la infraestructura bajo su control. El Tribunal señaló vista para discutir ambas mociones.

Mientras tanto, AIICO (aseguradora de la A.A.A.) solicitó se dictase sentencia sumaria a su favor, precisamente aduciendo que la póliza también excluia expresamente las reclamaciones hechas a la A.A.A. por falta de agua.

Luego de varios incidentes procesales, el 24 de septiembre de 1999, el Tribunal emitió sentencia sumaria parcial desestimando la demanda contra AIICO, pero denegando la desestimación contra la A.A.A. Además concedió 10 días a los demandantes para mostrar causa por la cual no declarar nulo el emplazamiento contra Genesis y archivar el caso de conformidad a las disposiciones de la Regla 4.3 (b) de Procedimiento Civil, 32 L. P.R.A. Ap. III, R. 4.3 (b), y lo resuelto en *Monell v. Aponte,* **98 J.T.S. 94.**

La A.A.A. solicitó reconsideración. Además presentó demanda contra coparte, reclamándole a AIICO para que le reembolsare cualquier suma que se viera obligada a pagar a los demandantes. AIICO se opuso y presentó solicitud de desestimación.

Finalmente, el 1ro de diciembre de 1999, el Tribunal emitió la sentencia parcial aquí apelada. En reconsideración, desestimó la demanda contra la A.A.A. por entender que la reclamación se predica en *"... daños [que] surgen por la irregularidad e insuficiencia del agua, independientemente de las razones para ello, eventos para los que clara, sin ambigüedad de clase alguna e inequivocamente, el legislador otorgó inmunidad a la Autoridad".* (Página 3 del Anejo). En esta sentencia, nada se dijo y nada se tenía que decir respecto a AIICO (aseguradora de la A.A.A.), que anteriormente ya se había sacado del pleito mediante la sentencia parcial del 24 de septiembre de 1999, por lo que la A.A.A. intentó traerla vía demanda de *"coparte".*

En ese momento, el hermano foro de Primera Instancia resolvió, además, desestimar la demanda contra Genesis (aseguradora de la codemandada A.E.E.) bajo las disposiciones de la Regla 4.3(b) de Procedimiento Civil, *supra*, y lo dispuesto en *Monell v. Aponte, supra*, toda vez que la parte demandante no reaccionó en forma alguna a la orden de mostrar causa dictada el 24 de septiembre de 1999 (páginas 54-56 del Apéndice de Apelación).

Inconforme, recurre ante nos la parte demandante-apelante y solicita que revoquemos la referida sentencia parcial. Para ello imputa la comisión de los siguientes errores:

*"(a) Erró el Honorable Tribunal de Instancia al desestimar la causa de acción contra la AAA aduciendo que los daños causados por la irregularidad e insuficiencia de agua no son de su responsabilidad.*

*(b) Erró el Honorable Tribunal de Instancia al dictar sentencia parcial de forma prematura, toda vez que existen trámites pendientes entre la AAA y su compañía aseguradora que no han sido resueltos y ni siquiera fueron mencionados como parte de la Sentencia Parcial.*

*(c) Erró el Honorable Tribunal al desestimar la reclamación contra la Compañía Genesis Insurance Company, toda vez que el emplazamiento fue diligenciado de forma eficaz y siguiendo las especificaciones de la Autoridad de Energía Eléctrica."*

**Exposición y Análisis**

**I**

En primer lugar, señala la parte demandante-apelante que erró el Tribunal de Primera Instancia al desestimar la causa de acción contra la A.A.A. Sostiene que la inmunidad que le confiere la Ley de Acueductos y Alcantarillados de Puerto Rico, *supra,* no se extiende a la responsabilidad de la A.A.A. por la falta de mantenimiento a las bombas de agua. No tiene razón.

La sección 4 (c) de la Ley de Acueductos y Alcantarillados de Puerto Rico, *supra,* dispone que:

*"La Autoridad se crea para el propósito de proveer y ayudar a proveer a los habitantes de Puerto Rico un servicio adecuado de agua y de alcantarillado sanitario y cualquier otro servicio o facilidades incidentales o propios a éstos. La Autoridad tendrá y podrá ejercer todos los derechos y poderes que sean necesarios o convenientes para llevar a efecto los propósitos mencionados, incluyendo, pero sin limitación, los siguientes:*

*"...*

*...*

*(c) Demandar y ser demandada como tal corporación, excepto que no podrá ser demandada por daños y perjuicios causados por la impureza, irregularidad o insuficiencia real o alegada del agua servida por ella y excepto que no se permitirá la venta judicial de propiedades de la Autoridad."*

La citada disposición de ley establece de forma clara y libre de ambigüedades que la A.A.A. está exenta de toda responsabilidad por daños y perjuicios relacionada a la *"impureza, irregularidad o insuficiencia real o alegada del agua",* esto es, la inmunidad prevalece, no importa la causa de la irregularidad o insuficiencia. La ley le exime, independientemente de las causas que la provoquen.

Como se sabe, la doctrina de la *"inmunidad del soberano, rige en esta jurisdicción desde el 1913."* (Véase *Defendini Collazo v. E.L.A.,* **93 J.T.S. 119**).

Es norma en esta jurisdicción que el E.L.A. no puede ser demandado a menos que primero consienta a ello y renuncie a la inmunidad que le favorece. *Romero Arroyo v. E.L.A.,* 127 D.P.R. 724 (1991).

Como excepción, el Estado ha consentido por legislación específica a que se le demande en tres circunstancias y ello hasta el monto prelimitado de responsabilidad, según lo dispone la Ley de Pleitos Contra el Estado, 32 L.P.R.A. § 3074 y sig. La primera circunstancia se refiere a causas de reivindicación de bienes, deslinde de fincas rústicas o daños causados a la propiedad; la segunda atañe a causas arraigadas en la Constitución de Puerto Rico, ley, reglamento o contrato expreso o tácito con el gobierno; y la tercera, a causas en que se reclamen daños y perjuicios alegando que se ocasionaron por la negligencia, culpa o impericia de un agente, empleado o funcionario del E.L.A. *Ramos v. Hospital,* 111 D.P.R. 744 (1981).

No obstante, la ley habilitadora de la A.A.A., como queda ya dicho, le revistió de inmunidad respecto a una causa de acción como la que en este epígrafe se predica en su contra, relacionada a *"irregularidad e insuficiencia real o alegada del agua servida por ella",* en el caso de que tal alegación resultare cierta y fuere, en este caso, causa eficiente del daño por el cual se reclama.

Como se sabe, las corporaciones públicas, aunque en gran medida operen como entes privados, responden a

un importante y legítimo interés público por lo que le cobija toda prerrogativa del Estado, siempre y cuando su ley habilitadora así lo disponga, *Commoloco of Caguas, Inc. v. Benítez*, 126 D.P.R. 478, 491-493 (1990). La A. A.A. no es excepción, por lo que específicamente en cuanto a la A.A.A. en *Librotex, Inc. v. A.A.A.*, **95 J.T.S. 106,** págs. 1097-1098, se dijo:

> *"Ciertamente, la Ley Núm. 40 de 1 de mayo de 1945, según enmendada, concedió a la Autoridad facultad para "demandar y ser demandada como tal corporación, excepto que no podrá ser demandada por daños y perjuicios causados por la impureza, irregularidad o insuficiencia real o alegada del agua servida por ella y excepto que no se permitirá la venta judicial de propiedades de la Autoridad".* 22 L.P.R.A. sec. 144(c).

No obstante, aunque es una realidad que las corporaciones públicas -como la Autoridad- operan de forma autónoma, *"éstas no pierden su calidad de instrumentalidad gubernamental, creada para responder a propósitos de utilidad pública". Commoloco of Caguas, Inc. v. Benítez Díaz,* res. en 13 de junio de 1990. En ese sentido, su Ley Habilitadora dispone que *"... [e]l ejercicio por la Autoridad de los poderes conferidos por las secciones 141 a 161 de este título, se estimará y juzgará como una función gubernamental esencial".* 22 L. P.R.A. sec. 142. Más aún, *"los fondos con que opera la entidad se consideran como públicos, independientemente de que éstos no pasen a formar parte del presupuesto del Estado". Commoloco of Caguas, Inc. v. Benítez, supra.* Compárese, *Municipio de Mayagüez v. Rivera,* 113 D.P.R. 467 (1982).

Cuando la ley es clara y libre de toda ambigüedad, su letra no debe ser menospreciada, bajo el pretexto de cumplir su espíritu. Artículo 14 del Código Civil, 31 L.P.R.A. § 14. Por lo tanto, actuó correctamente el ilustrado foro apelado, al atender al claro lenguaje de la ley y resolver que la A.A.A. goza de inmunidad bajo los hechos que se le imputan en la demanda del epígrafe, por lo que resultaba un prohibido ejercicio académico entrar a dilucidar en este caso, respecto a si en la fecha señalada faltó presión de agua en la zona y si ello fue causa adecuada para imputar negligencia a la A.A.A.. Véase *Estremera v. Inmobiliaria,* 109 D.P.R. 852, 859 (1980); *Soc. de Gananciales v. González Padín,* 117 D.P.R. 94 (1996); *Jiménez v. Pelegrina,* 112 D.P.R. 700, 704 (1982).

## II

En segundo lugar, la parte apelante señala que erró el Tribunal de Primera Instancia al dictar sentencia parcial desestimando la demanda contra la A.A.A., toda vez que existen trámites pendientes entre ésta y su compañía aseguradora. Ello se refiere específicamente a la demanda contra coparte que la A.A.A. instó contra su aseguradora AIICO, una vez ésta salió del pleito debido a la exclusión específica en la póliza. Se trata de un planteamiento totalmente inmeritorio. Desestimado el pleito en contra de la A.A.A., nada tiene ésta que alegar en *"coparte"* o contra tercero respecto a su aseguradora AIICO.

Por otro lado, no existiendo causa de acción contra la A.A.A., en virtud de la inmunidad antes señalada, no podría responder su aseguradora, aún y cuando la póliza no tuviese tal cláusula de exclusión.

## III

En tercer lugar, sostiene la parte apelante que erró el Tribunal de Primera Instancia al desestimar la reclamación contra la aseguradora de A.E.E., Genesis Insurance Company. Alega que debido a que Genesis no tenía oficinas en Puerto Rico, tuvo que acudir a la A.E.E. para emplazarla, porque supuestamente allí se le indicó que podía diligenciar el emplazamiento a través de la división legal de la A.E.E.

El emplazamiento constituye el mecanismo procesal mediante el cual se le se notifica al demandado que existe un procedimiento judicial en su contra y es el medio por el que los tribunales adquieren jurisdicción sobre la persona del demandado. *First Bank of P.R. v. Inmobiliaria Nac., Inc.,* **98 J.T.S. 18,** a la pág. 599; *Márquez v. Barreto,* **97 J.T.S. 66,** a la pág. 990; *Peguero y otros v. Hernández Pellot,* **95 J.T.S. 156,** a la pág. 341; *Reyes v. Oriental Fed. Savs. Bank,* **93 J.T.S. 50,** a la pág. 10567.

El emplazamiento de las corporaciones está regulado, tanto por la Ley General de Corporaciones de 1995, Ley Núm. 144 de 10 de agosto de 1995, 14 L.P.R.A. § 2601 *et seq.*, como supletoriamente por la Regla 4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.

De conformidad al artículo 12.01 de la Ley General de Corporaciones de 1995, *supra*, 14 L.P.R.A. § 3126, a las corporaciones domésticas se les emplaza entregándole personalmente una copia del emplazamiento y de la demanda a cualquier oficial o director de la corporación, o al agente inscrito de la corporación (si es un individuo), o dejándolas en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito en el Estado Libre Asociado de Puerto Rico, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado de Puerto Rico. Véase, además, la Regla 4.4 (e) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.

Si la corporación es foránea, el diligenciamiento del emplazamiento dependerá de si la misma está o no autorizada a hacer negocios en el Estado Libre Asociado de Puerto Rico. *Riego Zúñiga v. Líneas Aéreas Costarricences, S.A.,* , **95 J.T.S. 155,** a las págs. 328-329. Una corporación foránea autorizada a hacer negocios en Puerto Rico se emplaza a través de su agente residente. La Ley de Corporaciones de 1995, *supra*, también dispone que se puede emplazar por correo registrado o certificado con acuse de recibo, dirigido al secretario de la corporación en su oficina designada, según ésta se consigne en su solicitud de autorización o en el informe anual más reciente de la corporación, en los siguientes casos: 1) cuando la corporación no tiene agente residente, o no se puede emplazar al agente residente con diligencia razonable; 2) ha dejado de hacer negocios en el Estado Libre Asociado de Puerto Rico; 3) se le ha revocado el certificado de autorización. Art. 13.12 de la Ley de Corporaciones de 1995, *supra*, 14 L.P.R.A. § 3172. Véase, además, la Regla 4.4(e) de Procedimiento Civil, *supra*.

Si se trata de una corporación foránea que hace negocios en el Estado Libre Asociado de Puerto Rico, pero no se le ha expedido un certificado para hacer negocios aquí de conformidad con el artículo 13.05 de la Ley General de Corporaciones de 1995, *supra*, 14 L.P.R.A. § 3165, se le emplaza a través del Secretario de Estado. Art. 13.14 de la Ley General de Corporaciones de 1995, *supra*, 14 L.P.R.A. § 3174. También pueden ser emplazadas a tenor con lo dispuesto en la Regla 4.7 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.7, conocido como nuestro estatuto de *"largo alcance". Riego Zúñiga v. Líneas Aéreas Costarricences, S.A., supra; Peguero v. Hernández Pellot, supra.* La Regla 4.7 de Procedimiento Civil dispone que *"[c]uando la persona a ser emplazada no tuviere su domicilio en Puerto Rico"* pero hubiese *"efectuado por sí o por su agente, transacciones de negocio dentro de Puerto Rico", "el emplazamiento se hará de acuerdo a lo dispuesto en la Regla 4.5".* Por su parte, la Regla 4.5 dispone que *"[c]uando la persona a ser emplazada ... fuere una corporación extranjera sin agente residente, y así se comprobare a satisfacción del tribunal mediante declaración jurada, con expresión de dichas diligencias, y apareciere también de dicha declaración, o de la demanda jurada presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden disponiendo que el emplazamiento se haga por un edicto".*

Más aún, de tratarse de una aseguradora extranjera autorizada, sin oficinas en Puerto Rico, bastará diligenciar el emplazamiento con el Comisionado de Seguros de Puerto Rico, conforme lo autorizan los artículos 3.270 y 3.280 del Código de Seguros, 26 L.P.R.A. § 327 y 328.

Realmente, no alcanzamos a entender cómo es que podemos hacer abstracción de todo lo señalado para concluir que la A.E.E., como parte asegurada, se convirtió también en agente de su aseguradora Genesis, con propósito de emplazamiento.

Ahora bien, en todo caso, ley general o ley especial, como parte de las salvaguardas del debido proceso de ley se requiere que el emplazamiento sea diligenciado en el término de seis meses (180 días). Regla 4.3 (b) de Procedimiento Civil, *supra. Monell v. Mun. de Carolina, supra; Bco. Central Corp. v. Capitol Plaza Inc.,* **94 J.**

T.S. **57**, a la pág. 11810. En *Monell v. Mun. de Carolina, supra*, se estableció que el emplazamiento será diligenciado dentro de los seis (6) meses a partir de la fecha de la presentación de la demanda, aún y cuando el emplazamiento se expida luego, a fin de evitar que quede al arbitrio del demandante o su abogado la fecha en que el término de seis meses (180 días) comenzará. De lo contrario, quedará a potestad de una parte extender sin autorización judicial el término que la Regla 4.3(b) provee como apropiado para emplazar, contraviniendo el principio rector que ordena resolver las controversias de forma justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Si bien es cierto que el término de cumplimiento estricto de la Regla 4.3 (b) de Procedimiento Civil, *supra*, podrá ser prorrogado a discreción del tribunal antes o después de su vencimiento, es necesario que el demandante demuestre justa causa para ello y preferiblemente solicite la prórroga dentro del término original de seis (6) meses. *First Bank of P.R. v. Inmobiliaria Nacional, Inc.*, **98 J.T.S. 18**, a las págs. 599-600; *Ortozala v. F.S.E.*, 116 D.P.R. 700, 702-703 (1985). De otro modo, transcurrido el término de seis (6) meses o su prórroga sin que se hubiere diligenciado el emplazamiento, se tendrá a la parte demandante por desistida, con perjuicio. *First Bank of P.R. v. Inmobiliaria Nacional, Inc., supra*.

La Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 68.2, también concede a los tribunales amplia discreción para prorrogar el término para diligenciar el emplazamiento, aún después de vencido el plazo que a tales fines señala la Regla 4.3(b), pero esa discreción no se ejercita en el vacío, ni tampoco de modo arbitrario; debe siempre haber razón bien fundada que mueva la conciencia judicial hacia ese remedio. Por lo tanto, corresponde al demandante justificar, con referencia a hechos y circunstancias meritorias, la razón o motivo para haber dejado transcurrir el término para emplazar. *Monell v. Mun. de Carolina, supra*; *First Bank of P.R. v. Inmobiliaria Nacional, Inc., supra*; *Lugo Rodríguez v. Municipio de Bayamón*, 111 D.P.R. 679, 680-681 (1981); *Banco Metropolitano v. Berríos*, 110 D.P.R. 721, 725 (1981).

En el caso de autos, la parte demandante trató de diligenciar el emplazamiento, el 15 de febrero de 1999, mediante entrega de los documentos concernidos al Lcdo. Raúl E. Rosario de la División Legal de la A.E.E. Desconocemos si Genesis es una corporación foránea autorizada a hacer negocios en Puerto Rico porque de autos ello no consta, pero es evidente que el Lcdo. Raúl E. Rosario no es agente residente de la corporación ni oficial autorizado de la misma. Correspondía a la parte demandante indagar en el Departamento de Estado el status de la corporación y ante el Comisionado de Seguros de Puerto Rico para diligenciar el emplazamiento, conforme a lo preceptuado por la Ley General de Corporaciones de 1995, *supra*, el Código de Seguros de Puerto Rico, *supra*, y las Reglas de Procedimiento Civil aplicables.

De autos consta que la demanda se radicó el 11 de junio de 1997. En ella se alegó contra la aseguradora de A.E.E. bajo su nombre ficticio, como persona jurídica de identidad conocida y nombre desconocido en ese momento. Ello claramente sirve como interrupción de la prescripción contra tal aseguradora. Véase Reglas 15.4, 4.6 y 4.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, *Núñez González v. Jiménez Miranda*, 122 D.P.R. 134, 141 (1988); *Alicea v. Valle Bello, Inc.*, 111 D.P.R. 847 (1982) y *Ortiz v. Guardia Municipal de Ponce*, 94 D.P.R. 472, 478 (1967). No obstante *"para que la decisión del Tribunal surta efecto contra la persona así designada, ésta tiene que ser traída al pleito con su nombre correcto, luego de que se le notifique con tiempo suficiente para que pueda defenderse de la reclamación"*. *Núñez González v. Jiménez Miranda, supra*, pág. 141.

La sustitución del nombre de la aseguradora ocurrió el 20 de septiembre de 1998, cuando ya había transcurrido más de 15 meses, sin que se justifique tal retraso. Aún así, luego de expedidos los emplazamientos contra Genesis, el 30 de septiembre de 1998, el demandante la trató de emplazar equivocadamente el 15 de febrero de 1999 por medio de la división legal de la codemandada A.E.E., cuando habían pasado ya 20 meses desde la radicación de la demanda y 138 días desde la expedición del emplazamiento. Por lo tanto, cuando se dicta la sentencia parcial aquí recurrida, el 1 de diciembre de 1999, habían transcurrido 320 días adicionales, para un total de 29 meses a partir de la radicación del pleito y 485 días desde la expedición del emplazamiento.

Ante la nulidad del emplazamiento, el Tribunal no adquirió jurisdicción sobre Genesis, *Rodríguez v. Nasrallah,* 118 D.P.R. 93, 99 (1986), por lo que procedía diligenciar nuevamente el mismo, conforme a derecho y dentro del término dispuesto en ley. El 24 de septiembre de 1999, el Tribunal se percató de la situación y ordenó a la parte demandante mostrar causa por la cual no declarar nulo el emplazamiento y desestimar el caso de conformidad a la Regla 4.3 (b) de Procedimiento Civil. La parte demandante nunca compareció.

Vencido el término para diligenciar el emplazamiento correctamente en cuanto a Genesis y no habiendo demostrado la parte demandante, con referencia a hechos y circunstancias meritorias, que el caso ameritaba prorrogar el término de cumplimiento estricto o eximirle de una desestimación con perjuicio, procede desestimar con perjuicio la demanda en contra de la codemandada Genesis Insurance. Actuó correctamente el tribunal de instancia al dictaminar el archivo con perjuicio de la demanda en su contra.

**Dictamen**

Por los fundamentos expuestos, se confirma la sentencia apelada.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General