# 2001 DTA 121

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL V DE PONCE Y AIBONITO

MILTON BONILLA ORTIZ
Peticionario

v.

WILLIAM HERNANDEZ PELLOT, CARLOS HERNANDEZ, WILLHERCO, INC., WILLHERCO S.E.
Recurridos

Núm. KLCE-00-01381

San Juan, Puerto Rico, a 12 de febrero de 2001

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Ortiz Carrión y la Juez Pabón Charneco

Brau Ramírez, Juez Ponente

## I

El peticionario, Milton Bonilla Ortiz, solicita la revisión de una sentencia parcial emitida el 31 de agosto de 2000 por el Tribunal de Primera Instancia, Sala Superior de Ponce, en la reclamación laboral por incumplimiento y daños y perjuicios instada por el peticionario, al amparo de la Ley Núm. 2 de 17 de octubre de 1962, 32 L.P.R.A. secs. 3118 y ss., contra la parte recurrida, Willherco, Inc. ("*Willherco*"), Willherco, S.E., William Hernández Pellot y Carlos R. Hernández.

Mediante el dictamen en cuestión, el Tribunal ordenó la desestimación de la demanda contra Willherco y Willherco, S.E., por el fundamento de que dichas partes habían sido incorrectamente emplazadas a través del recurrido Carlos R. Hernández.

Una solicitud de reconsideración presentada por el peticionario fue denegada por el Tribunal de Primera Instancia mediante resolución del 20 de octubre de 2000.

El 19 de diciembre de 2000, concedimos término a la parte recurrida para que compareciera a mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la sentencia parcial recurrida. Las recurridas han comparecido por escrito.

Procedemos según lo intimado.

## II

Según se desprende del recurso, Willherco es una corporación autorizada a hacer negocios en el Estado Libre Asociado de Puerto Rico, con oficinas en San Juan. Willherco, S.E. es una sociedad especial organizada bajo las leyes del Estado Libre Asociado y registrada en el Departamento de Hacienda. Para la fecha relevante a la presente controversia, William Hernández Pellot era el dueño y/o principal accionista de Willherco y Willherco, S.E. Carlos Hernández es el hijo de William Hernández.

El peticionario Milton Bonilla, quien es residente de Yauco, fue empleado de Willherco y, posteriormente, de Willherco, S.E., donde se desempeñaba como plomero. Renunció a su posición en octubre de 1996, debido a problemas con el Sr. Carlos Hernández, hijo del dueño de las empresas.

Alegadamente, a la fecha de su renuncia, las referidas entidades le adeudaban al peticionario distintas cantidades por concepto de vacaciones acumuladas, bono de navidad y una participación porcentual de las ganancias de la corporación.

El 19 de agosto de 1997, el peticionario instó la presente reclamación contra los recurridos, solicitando el pago de lo adeudado. El peticionario también imputó a los recurridos haberlo defraudado de la compensación porcentual pactada y de haber interferido con terceros para impedirle desempeñar su profesión como plomero. El peticionario solicitó compensación por las pérdidas ocasionadas por esta conducta, así como por las angustias mentales sufridas por él. El peticionario se acogió al procedimiento sumario establecido por la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. sec. 3118 y ss.

La citación dirigida al recurrido William Hernández Pellot fue diligenciada en la persona de Carlos Hernández el 14 de octubre de 1997. En esa fecha, el emplazador también entregó al Sr. Carlos Hernández las citaciones dirigidas a Willherco y Willherco, S.E. A pesar de que las citaciones fueron diligenciadas fuera del distrito judicial en el que se había instado la acción, las mismas incorrectamente advertían a los codemandados que debían contestar la demanda en el plazo de diez (10) días, en lugar de quince (15), según contemplado por la sección 3 de la citada Ley Núm. 2, 32 L.P.R.A. sec. 3120.

A pesar de haber sido emplazado con la citación dirigida a su padre, el recurrido Carlos Hernández

compareció ante el Tribunal y contestó la demanda, negando las alegaciones y levantando varias defensas afirmativas. Entre otras cosas, planteó que el peticionario no había sido empleado, sino socio, de Willherco, S.E., alegando la inaplicabilidad de la Ley Núm. 2 a la controversia entre las partes.

Willherco y Willherco, S.E. también comparecieron y solicitaron la desestimación de la demanda, alegando que habían sido incorrectamente emplazadas a través de otro de los codemandados. Por su parte, el peticionario solicitó se anotara la rebeldía a estas entidades.

El 15 de diciembre de 1997, el Tribunal emitió una resolución denegando la anotación de rebeldía a las recurridas. El Tribunal estimó que *"[l]os errores cometidos en el documento de Emplazamiento arrojan serias dudas sobre la unidad del acto al juramentarse. En consecuencia no se admite."*

El Tribunal no se pronunció sobre la solicitud de desestimación presentada.

La parte peticionaria no hizo otras gestiones para emplazar a Willherco y Willherco, S.E. ni, aparentemente, hubo actividad en el caso hasta 1999. En esa fecha, en respuesta a una orden emitida por el Tribunal bajo la Regla 39.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2, la parte peticionaria alegó que existía confusión sobre la moción de desestimación de los recurridos. El peticionario también solicitó desistir de su reclamación contra William Hernández Pellot, solicitud que fue admitida por el Tribunal, dictándose la correspondiente sentencia parcial el 5 de mayo de 1999.

Posteriormente, el recurrido Carlos Hernández solicitó la desestimación de la demanda en su contra, alegando que había sido incorrectamente emplazado.

Por su parte, Willherco y Willherco, S.E. plantearon que la citación que habían recibido era defectuosa, por cuanto expresaba el término incorrecto para contestar, lo que no había sido subsanado dentro del término de seis (6) meses contemplado por la Regla 4.3(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.3(b). Dichas partes insistieron en que la Ley Núm. 2 no era de aplicación a la controversia.

El Tribunal no adjudicó los planteamientos de los recurridos. En su lugar, impuso una sanción económica al peticionario, por su inactividad, que fue consignada por éste.

Así las cosas, el peticionario solicitó se le anotàra la rebeldía a Willherco y Willherco, S.E.

El 31 de agosto de 2000, mediante la sentencia parcial recurrida, el Tribunal ordenó la desestimación de la demanda contra dichas partes, al concluir que las mismas habían sido incorrectamente emplazadas a través de otro de los codemandados y que el peticionario no había tomado medidas para corregir lo anterior dentro del término dispuesto por la Regla 4.3(b) de las de Procedimiento Civil.

El Tribunal estimó que aunque el emplazamiento diligenciado al recurrido Carlos Hernández era defectuoso, ya que no cumplía con la sección 3 de la Ley Núm. 2, dicho co-demandado había renunciado a sus planteamientos al contestar la demanda y someterse a la jurisdicción del Tribunal. El Tribunal ordenó la continuación de los procedimientos contra dicha parte.

El peticionario presentó una moción de reconsideración, que fue denegada por el Tribunal de Primera Instancia el 20 de octubre de 2000.

Insatisfecho, el peticionario acudió entonces ante este Tribunal.

## III

En su recurso, el peticionario plantea que erró el Tribunal al ordenar la desestimación de la demanda contra Willherco y Willherco, S.E. y al no ordenar la anotación de rebeldía a dichas partes.

Según hemos visto, la demanda en el presente caso fue instada al amparo del procedimiento sumario establecido por la citada Ley Núm. 2, 32 L.P.R.A. secs. 3118 y ss. La esencia de dicho procedimiento es proveer un mecanismo procesal que logre una rápida consideración y adjudicación de las querellas presentadas por obreros y empleados, principalmente en casos de reclamaciones salariales y otros beneficios. Véanse, *Rodríguez Aguiar v. Syntex Puerto Rico, Inc. T/C/P Syntex Roche*, 148 D.P.R. ___ (1999), **99 J.T.S. 99**, a la pág. 1,197; *Santiago Pérez v. Palmas del Mar Properties, Inc.*, 143 D.P.R. ___ (1997), **97 J.T.S. 125**, a la pág. 45; *Rivera v. Insular Wire Products Corp.*, 140 D.P.R. 912, 923 (1996); *Mercado Cintrón v. ZETA Com., Inc.*, 135 D.P.R. 737, 742 (1994); *Srio. del Trabajo v. J.C.Penney Co.*, 119 D.P.R. 660 (1987).

Para lograr estos fines, el estatuto establece términos cortos para la contestación de la querella. También se provee una limitación al uso de los mecanismos de descubrimiento de prueba, así como una prohibición a la presentación de reconvenciones contra el querellante, y otras garantías para preservar la naturaleza sumaria del procedimiento. 32 L.P.R.A. sec. 3120; *Hernández Hernández v. Espinosa*, 145 D.P.R. ___ (1998), **98 J.T.S. 41**, a las págs. 779-780; *Rivera v. Insular Wire Products Corp., supra.*

El incumplimiento con los términos establecidos en el estatuto, conlleva que el caso se adjudique en rebeldía contra el patrono. *Rodríguez Aguiar v. Syntex Puerto Rico, Inc. T/C/P Syntex Roche*, **99 J.T.S. 99,** a la pág. 1,198; *Mercado Cintrón v. ZETA Com., Inc.*, 135 D.P.R. ___, a las págs. 743-744; Pero véase, *Valentín v. Housing Promoters, Inc.*, 146 D.P.R. ___ (1998), **98 J.T.S. 132**.

La sección 3 de la Ley dispone, en lo pertinente:

*"El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, ..., dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle...*

*El alguacil o una persona particular diligenciará la notificación del secretario del tribunal al querellado. Si no se encontrare al querellado, se diligenciará la orden en la persona que en cualquier forma represente a dicho querellado en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia. Si el querellado no pudiere ser emplazado en la forma antes dispuesta, se hará su citación de acuerdo a lo que dispongan las Reglas de Procedimiento Civil para esos casos."*

32 L.P.R.A. sec. 3120.

Por su parte, la Ley General de Corporaciones de 1995 autoriza que el emplazamiento de una corporación organizada en el Estado Libre Asociado de Puerto Rico sea diligenciado mediante la entrega personal de copia del emplazamiento a cualquier oficial o director de la corporación o a su agente inscrito o, dejándola en el domicilio o residencia habitual de éstos o la oficina designada u otra sede de negocios de la corporación, en presencia de un adulto y por lo menos seis (6) días antes de la fecha del señalamiento, 14 L.P.R.A. sec. 3127.

En la situación de autos, según hemos visto, la citación a Willherco y Willherco, S.E. fue diligenciada en la persona del recurrido Carlos Hernández, hijo del dueño de la corporación y co-demandado en el caso de autos.

Convenimos con la parte peticionaria en que dicho diligenciamiento resultaba eficaz, a la luz de las disposiciones antes citadas para adquirir jurisdicción sobre dichas partes, ya que dicha persona podía razonablemente ser considerada, en las circunstancias del caso de autos, como una persona que *"en cualquier forma"* representaba a dichas entidades, 32 L.P.R.A. sec. 3120. En la querella, de hecho, se alegaba que dicha parte había tenido intervención en las gestiones de la empresa y que el peticionario se había visto forzado a renunciar por fricciones con él. Cf., *Quiñones Rivera v. Compañía ABC h/n/c Supermercado Pueblo*, ___ D.P.R. ___ (2000), **2000 J.T.S. 172**, a la pág. 295 (criterio para determinar si una persona es *"gerente administrativo"* de

una corporación, para fines de emplazamiento de una corporación foránea, es que "*esté en una posición de suficiente responsabilidad como para que sea razonable presumir que le transmitirá o remitirá a sus superiores el emplazamiento y la demanda*"); compárese, *Pou v. American Motors*, 127 D.P.R. 810 (1991).

La parte recurrida plantea que la Ley Núm. 2 resulta inaplicable a la presente controversia, por estar envueltas reclamaciones de daños y perjuicios cuyo trámite bajo dicho estatuto resulta inapropiado.

Es cierto que el Tribunal de Primera Instancia goza de discreción para ordenar que un procedimiento presentado bajo la Ley Núm. 2 sea tramitado por la vía ordinaria, cuando la complejidad del asunto y las circunstancias del caso así lo ameritan. *Hernández Hernández v. Espinosa*, **98 J.T.S. 41,** a la pág. 784; *Marín Kuilan v. Teddy Díaz Fastening Systems, Inc.,* 142 D.P.R. __ (1997), **97 J.T.S. 17,** a la pág. 615; *Rivera v. Insular Wire Products Corp.,* 140 D.P.R. __, a la pág. 926. Pero ésta no es una determinación automática. *Berríos Heredia v. González,* 151 D.P.R. __ (2000), **2000 J.T.S. 102,** a la págs. 1,299-1,300.

En el caso de autos, no surge que el Tribunal hubiera ordenado que el asunto fuera atendido como una reclamación ordinaria antes del emplazamiento de las recurridas. En estas circunstancias, entendemos que dicho trámite está gobernado por la citada Ley Núm. 2, la cual autorizaba que la citación fuese diligenciada sobre "*la persona que en cualquier forma represent[ara al] querellado*".

Ahora bien, la citación diligenciada a dichas partes, según hemos visto, era defectuosa, ya que aunque advertía a las recurridas de su obligación de comparecer, expresaba incorrectamente el término para la gestión anterior.

Las recurridas plantean que el peticionario no corrigió dicha deficiencia dentro del término establecido por la Regla 4.3(b) de las de Procedimiento Civil, por lo que cabe ordenar la desestimación de la demanda en cuanto a dichas partes.

El término establecido por la referida Regla 4.3(b) de las de Procedimiento Civil es de seis (6) meses para diligenciar el emplazamiento, el cual se computa a partir de la presentación de la demanda, *Monell Cardona v. Figueroa Prado*, 146 D.P.R. __ (1998), **98 J.T.S. 94,** a las págs. 1,229-1,330.

El propósito de esta regla, según ha observado el Tribunal Supremo de Puerto Rico, es el de acelerar la litigación y despejar los calendarios. *Monell Cardona v. Figueroa Prado*, **98 J.T.S. 94,** a la pág. 1,330; *Banco Metropolitano v. Berríos,* 110 D.P.R. 721, 724 (1981). La misma constituye un desarrollo paralelo a la Regla 39.2 (c) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2(c), sobre desestimación del pleito por inactividad. *Banco Metropolitano v. Berríos*, 110 D.P.R. __, a la pág. 724.

No obstante, no se trata de un término jurisdiccional y su expiración no tiene efecto de caducidad del emplazamiento. *Banco Metropolitano v. Berríos*, 110 D.P.R. __, a la pág. 725; véanse, además, *López v. Porrata-Doria*, 140 D.P.R. 96, 103 (1996); *Pietri González v. Tribunal Superior*, 117 D.P.R. 638, 638 (1986).

En la situación de autos, según hemos visto, no se trata de que el peticionario no hubiera diligenciado el emplazamiento, sino que la citación entregada contenía un error en cuanto al término, que no fue corregido por dicha parte. No estimamos, sin embargo, que ello requiera la desestimación de la demanda contra Willherco y Willherco, S.E.

La Regla 4.9 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.9, autoriza al tribunal a ordenar la enmienda de un emplazamiento "*[e]n cualquier momento a su discreción y en los términos que crea justos*", siempre y cuando no se perjudiquen los derechos sustanciales de la parte contra quien se expidió el emplazamiento.

En la situación de autos, entendemos que el error en la citación no es fatal y que el mismo podía ser

corregido, con meramente indicar a las recurridas, quiénes habían comparecido, el plazo correcto dentro del cual debían contestar la reclamación. Compárese, *Colón Gandía v. Tribunal Superior*, 93 D.P.R. 225, 231-32 (1966); *Sociedad de Gananciales v. Tribunal Superior*, 85 D.P.R. 892, 894-95 (1962).

Ello implica, desde luego, que no puede concluirse que las recurridas se hallen en rebeldía por no haber presentado su contestación.

La política en nuestra jurisdicción favorece que los casos sean ventilados en sus méritos. Véanse, *PFZ Props. Inc. v. Gen. Acc. Ins. Co.*, 136 D.P.R. 881, 915 (1994); *Imp. Vilca, Inc. v. Hogares Crea, Inc.*, 118 D.P.R. 679, 686 (1987).

En otro contexto, el Tribunal Supremo de Puerto Rico ha resuelto que no se favorece la imposición de la sanción extrema de la desestimación, a menos que se haya establecido la falta de interés de la parte contra quien se toma la misma y se hayan agotado otras alternativas menos drásticas. Véanse, *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807, 814 (1986); *Maldonado v. Secretario de Recursos Naturales*, 113 D.P.R. 494, 498 (1982); *Garriga Gordils v. Maldonado Colón*, 109 D.P.R. 817, 822 (1980); *Arce v. Club Gallístico de San Juan*, 105 D.P.R. 305, 308 (1976).

Concluimos que el Tribunal de Primera Instancia erró al desestimar la querella contra Willherco y Willherco, S.E. Procede revocar dicha determinación y devolver el asunto al foro de Primera Instancia para que proceda a determinar si el caso debe tramitarse bajo la Ley Núm. 2 y a fijar a dichas partes un término para contestar.

Por los fundamentos expresados, se expide el auto solicitado y se revoca la sentencia parcial recurrida. Se devolverá el asunto al Tribunal de Primera Instancia para procedimientos consistentes con esta sentencia.

Lo pronunció y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General