# 2009 DTA 92

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL I**

ANGÉLICA GARCÍA MEDINA Y OTROS
Recurridos

v.

LUIS BERNARDO PACHECO Y OTROS
Peticionarios

Núm. KLCE-2009-00385

San Juan, Puerto Rico, a 18 de junio de 2009

Panel integrado por su Presidente, el Juez Ramírez Nazario,
y los Jueces Piñero González y Morales Rodríguez

Ramírez Nazario, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

Comparece el codemandado Miguel Guiot (señor Guiot) para solicitar la revocación de la Resolución emitida el 9 de marzo de 2009 y notificada el 12 de marzo de igual año por el Tribunal de Primera Instancia, Sala de San Juan, (TPI). Mediante la referida Resolución, el TPI denegó su solicitud de desestimación de la demanda por daños y perjuicios presentada en su contra.

Considerados los escritos de las partes, así como los documentos que los acompañan a la luz del derecho aplicable, resolvemos denegar la expedición del auto de *certiorari* solicitado.

### I

El 8 de febrero de 2008, la señora Angélica García Medina (señora García) presentó, por sí y en representación de su hijo menor de edad, una demanda por daños y perjuicios contra varias personas, incluyendo a la señora Glorimar Navarro Rodríguez, el señor Guiot y la Sociedad Legal de Bienes Gananciales compuesta por éstos. Ese mismo día se expidieron los emplazamientos.

La señora García en dos ocasiones solicitó prórroga para emplazar a los demandados. En la primera ocasión, la señora García fundamentó su petición de prórroga en asuntos de seguridad, interés público, y confidencialidad de los procedimientos de relaciones de familia y casos criminales relacionados con el caso de epígrafe. En la segunda ocasión, la señora García adujo que ya los alguaciles del tribunal habían logrado emplazar a algunos de los demandados. Añadió que el plazo para emplazar coincidía con las fechas pautadas para el juicio criminal de algunos codemandados, situación que quería evitar para no complicar y perjudicar el diligenciamiento personal de los emplazamientos. Tras la concesión de las prórrogas solicitadas, el 17 de diciembre de 2008, el señor Guiot fue emplazado.

El 27 de enero de 2009, el señor Guiot presentó una Moción de Desestimación. Fundamentó su petición en que el TPI abusó de su discreción al conceder las prórrogas para emplazar y en que ni él, ni la sociedad legal de bienes gananciales, (SLBG) constituida con la señora Glorimar Navarro, eran responsables por los daños alegados en la demanda. El 6 de febrero de 2009, la señora García se opuso. El señor Guiot presentó una segunda solicitud de desestimación. Finalmente, el 9 de marzo de 2009, el TPI denegó desestimar la demanda en su contra.

### II

Inconforme, el señor Guiot acude ante nosotros mediante recurso de *certiorari* y señala como errores:

"Cometió error manifiesto el Tribunal de Instancia [sic] al determinar que había "justa causa" para conceder las dos prórrogas solicitadas para emplazar. Dicha actuación constituyó un claro abuso de discreción.

Cometió error manifiesto el Tribunal de Instancia [sic] al determinar que el codemandado Miguel Guiot y la Sociedad Legal de Bienes Gananciales compuesta por él y la señora Gloria [sic] Navarro pueden responder de daños aun cuando en la demanda no se alega ningún acto culposo o negligente de dichos demandados."

## III

De ordinario, se respetan las medidas procesales que los jueces toman en el ejercicio prudente de su discreción para dirigir y conducir los procedimientos que ante ellos se siguen. Los jueces del Tribunal de Primera Instancia gozan de amplia discreción para gobernar esos procedimientos. *Lluch v. España Service Sta.,* 117 D.P.R. 729 (1986); *Fine Art Wallpaper v. Wolff,* 102 D.P.R. 451 (1974). Gozan, además, de amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia, y están llamados a intervenir activamente para manejar los procesos y dirigirlos de forma tal que se logre una solución justa, rápida y económica de los casos. *Vives Vázquez v. E.L.A.,* 142 D.P.R. 117 (1996), *Vellón v. Squibb Mfg., Inc.,* 117 D.P.R. 838 (1986).

En ese mismo tenor, se ha resuelto que "los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, [sic] salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción." *Meléndez v. Caribbean Intl. News,* 151 D.P.R. 649 (2000). Debemos tener presente que los jueces de primera instancia están facultados con flexibilidad para lidiar con la tramitación de los asuntos judiciales. *E. L.A. v. Asoc. de Auditores,* 147 D.P.R. 669 (1999). Si su actuación se funda en una base razonable que no resulta perjudicial a los derechos sustanciales de una parte, debe prevalecer su criterio. *Sierra v. Tribunal Superior,* 81 D.P.R. 554 (1959).

En armonía con tal normativa, la función de un tribunal apelativo en la revisión de controversias como la que nos ocupa, requiere que se determine si la actuación del TPI constituyó un abuso de la discreción en la conducción de los procedimientos ante sí. Al realizar tan delicada función, un tribunal apelativo no debe intervenir con el ejercicio de esa discreción, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. Véase, *Lluch v. España Service Sta., supra; Zorniak v. Cessna,* 132 D.P.R. 170 (1992). Como la discreción está atada a la razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera, en la medida que el curso de acción de un tribunal en el ejercicio de su discreción para conducir los procedimientos sea irrazonable o poco sensato, en esa medida estará abusando de su discreción. De otro modo, no abusa de la discreción, si la medida que toma es razonable. *Pueblo v. Sánchez González,* 90 D.P.R. 197 (1964).

Como se sabe además, el auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Pueblo v. Colón Mendoza,* 149 D.P.R. 630, 637 (1999). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional. Esta discreción, como ya dijimos, ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia,* 154 D.P.R. 79 (2001).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso *certiorari,* la Regla 40 del Reglamento de este Tribunal, promulgado por el Tribunal Supremo el 20 de julio de 2004, señala algunos

criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. La referida regla dispone lo siguiente:

"El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." 4 L.P.R.A. Ap. XXII-B, R. 40.

Por otro lado, como se sabe, el emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre el demandado de forma tal que éste quede obligado por el dictamen que finalmente se emita. *Márquez v. Barreto*, 143 D.P.R. 137, 142 (1997). El objetivo del emplazamiento es lograr que el demandado conozca la demanda en su contra, para poder comparecer a juicio, ser oído y presentar prueba a su favor. *Rivera Báez v. Jaume Andújar*, 157 D.P.R. 562 (2002); *Quiñones Román v. Compañía ABC*, 152 D.P.R. 367, 374 (2000).

La Regla 4.3 (b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.3(b), dispone que el emplazamiento será diligenciado dentro del término de seis meses de haber sido expedido y confiere discreción al tribunal para prorrogar dicho término por justa causa cuando la prórroga se solicita dentro del plazo de seis meses. El tribunal podrá, además, considerar desistida a una parte que no haya diligenciado el emplazamiento en el plazo establecido. 32 L.P.R.A. Ap. III, R. 4.3 (b). El incumplimiento con el término provisto acarrea la desestimación con perjuicio de la demanda. *First Bank of P.R. v. Inmobiliaria Nacional*, 144 D.P.R. 901 (1998).

No obstante, el plazo de seis meses para diligenciar un emplazamiento dispuesto en la Regla 4.3 (b) de Procedimiento Civil, es un término de cumplimiento estricto que puede ampliarse por justa causa aun cuando la prórroga se haya solicitado luego de haber vencido el término establecido en dicha regla. Lo importante es que la parte que lo solicite demuestre justa causa para ello y no haya abuso de discreción del tribunal. *López v. Porrata Doria*, 140 D.P.R. 96, 102 (1996). La expiración del término de seis (6) meses no tiene el efecto de caducidad de la citación, ni de nulidad, y mucho menos afecta la jurisdicción del tribunal. *Banco Popular v. Negrón Barbosa*, 164 D.P.R. 855 (2005).

En *Banco Popular v. Negrón Barbosa, supra*, el tribunal resuelve que, tomando en cuenta la política pública de que los casos se atiendan en sus méritos, no procede la desestimación con perjuicio de una demanda por incumplimiento con el término de seis meses de la Regla 4.3 (b), *supra,* cuando no se demuestra que la

tardanza en el diligenciamiento de los emplazamientos haya causado algún perjuicio.

Por otro lado, la Regla 10.2 de las de Procedimiento Civil, *supra*, permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero, presente una moción de desestimación contra las alegaciones en su contra. Esta solicitud puede ser presentada antes de contestar la demanda aduciendo una o varias de las de las siguientes defensas o fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. *Id.*

La doctrina fue expresada en *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 D.P.R. 497, 505 (1994), señalándose que:

"Frente a una moción para desestimarla, la demanda debe ser interpretada lo más liberalmente pósible a favor de la parte demandante, y sus alegaciones se examinarán de la manera más favorable a ésta. La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. Nuestro deber es considerar si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida."

Es importante tener presente al realizar este análisis sobre la moción de desestimación, que el propósito de las alegaciones es bosquejar "a grandes rasgos cuáles son las reclamaciones de forma tal que la parte demandada quede notificada de la naturaleza general de las contenciones en su contra y pueda comparecer a defenderse si así lo desea". *Reyes v. Cantera Ramos, Inc.,* 139 D.P.R. 925 (1996). El descubrimiento de prueba resulta ser el mecanismo que permitirá precisar con exactitud las verdaderas cuestiones en controversia y servirá para aclarar los hechos que se intenten probar en el juicio en su fondo. Véase, *Bco. Central Corp. v. Capital Plaza Inc.,* 135 D.P.R. 760 (1994).

## IV

El señor Guiot sostiene que el TPI debió desestimar la demanda en su contra, así como contra la SLBG compuesta por éste y la señora Glorimar Navarro. Como dijimos, basa su contención en dos aspectos, a saber, en que el TPI abusó de su discreción al conceder las prórrogas para emplazar y en que ni él, ni la sociedad legal de bienes gananciales constituida con la señora Glorimar Navarro, son responsables por los daños alegados en la demanda.

En su primer señalamiento de error aduce que el TPI abusó de su discreción al conceder dos prórrogas a la señora García para emplazar a los demandados. La primera prórroga en cuestión fue solicitada mediante moción de 4 de agosto de 2008, dentro del término de los seis meses para emplazar que dispone la Regla 4.3 (b) de Procedimiento Civil. Cerca del último día de la prórroga concedida, el 7 de noviembre de 2008, la señora García presentó una segunda moción de prórroga para emplazar. La señora García justificó sus solicitudes de prórroga aludiendo a las dificultades y complicaciones de las circunstancias que rodeaban el caso, las que implicaban cuestiones de alto interés público, confidencialidad, y la seguridad de un menor. El TPI evaluó las razones brindadas y las consideró justa causa para conceder las prorrogas solicitadas.

Surge de autos que las alegaciones de la demanda involucran cuestiones delicadas y sensitivas que han provocado además procedimientos criminales y de relaciones de familia. Estos casos comprenden alegadas situaciones de amenazas, tanto a la señora García como a su hijo menor de edad, de agresiones físicas, sexuales, daño a la propiedad, y uso de sustancias controladas, entre otros asuntos. Sostuvo la señora García en sus mociones, que tanto estos procedimientos, como el efectivo diligenciamiento de los emplazamientos, se podían ver afectados de no concedérsele las prórrogas solicitadas. De igual forma añadió, en su segunda solicitud, que

ya los alguaciles del tribunal habían logrado emplazar a algunos de los demandados. Aduce en su escrito ante nos, que debido a la naturaleza de los casos, los emplazamientos estuvieron a cargo de estos funcionarios del tribunal en aras de la seguridad de víctimas y testigos de los otros procedimientos judiciales que se ventilaban a la misma vez.

El cuadro fáctico de este caso unido al derecho aplicable, nos lleva a concluir que el foro *a quo,* en el sano ejercicio de su discreción, extendió dicho término concediendo una prórroga a la señora García para emplazar personalmente al señor Guiot. Somos de opinión que la tardanza en el diligenciamiento de los emplazamientos ha sido justificada y no ha causado perjuicio a parte alguna en el pleito. Conforme a las normas esbozadas por el Tribunal Supremo, antes discutidas, actuó correctamente el TPI al negarse a desestimar la demanda. En el caso ante nos no ha quedado demostrada una crasa desatención o abandono del caso por parte de la señora García que amerite la desestimación de su reclamación. Ante estas circunstancias, el foro recurrido no abusó de su discreción al negarse a imponer la drástica sanción de desestimar la demanda. Por el contrario, su actuación fue razonable.

Nada en la Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 68.2, indica que se podrá conceder una sola prórroga. Dicha regla lo que sí dispone es que cualquier prórroga que se conceda sea razonable y justificada. Somos de opinión que la señora García actuó responsablemente en la tramitación de su caso. Reiteramos que no estamos ante el escenario de un caso abandonado y desatendido por completo por la parte llamada a actuar. Por el contrario, en ambas ocasiones en que solicitó prórroga para emplazar, lo hizo antes de que venciera el término corriente y sus solicitudes fueron debidamente justificadas. Por tanto, la determinación del TPI en prorrogar el término para diligenciar los aludidos emplazamientos no fue irrazonable o arbitraria, ya que propició darle curso a la causa de acción incoada. Por ello, este Tribunal no debe intervenir con la discreción ejercida por el TPI para prorrogar el término para emplazar. A base de esa misma discreción determinó que las razones brindadas para solicitar las prórrogas constituyen justa causa. En ausencia de abuso de discreción, le debemos deferencia a tal determinación.

En su segundo señalamiento de error, el señor Guiot plantea que la demanda en su contra, y contra la SLBG que compone con la señora Glorimar Navarro, debe ser desestimada. Arguye que la demanda no contiene alegación alguna sobre actuaciones culposas o negligentes de su parte, o de que los actos de Glorimar Navarro beneficiaran a la SLBG.

Las contenciones del señor Guiot nos obligan a concluir que es el descubrimiento de prueba el mecanismo que le permitirá al TPI precisar con exactitud las verdaderas cuestiones en controversia y examinar la prueba que las partes presenten en su día para dilucidar sus planteamientos. Así pues, somos del criterio que nuestra intervención en esta etapa temprana de los procedimientos no es apropiada. Al tenor de lo dicho, estimamos que la decisión del TPI de denegar la moción de desestimación por estos motivos tampoco fue incorrecta. Entendemos que el TPI actuó conforme a la normativa vigente, pues examinó las alegaciones de la demanda en la forma más favorable a la parte demandante y concluyó que no se desprende con toda certeza que la señora García no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. Mediante la resolución recurrida salvaguardó el derecho de ambas partes a efectuar el descubrimiento de prueba necesario que permita definir y delimitar las controversias.

Debemos aclarar que nada de lo aquí expuesto pretende prejuzgar los méritos del caso, ni impide que oportunamente en etapas más adelantadas del proceso se pueda plantear y solicitar aquellos remedios que las partes entiendan procedentes. Se trata, en fin, de permitir que el proceso se conduzca de conformidad con las reglas establecidas y que las partes tengan el debido acceso a la justicia y su día en corte.

En circunstancias como las presentes, los tribunales deben inclinar la balanza a favor del derecho de todo litigante a que sus alegaciones se ventilen en sus méritos, puesto que la razón de ser del ordenamiento procesal

y todo el esquema adjudicativo es garantizar el derecho de toda parte a tener su día en corte. *Banco Popular v. Negrón Barbosa, supra.* Al así hacerlo, el foro de primera instancia no abusó de su discreción, pues no se apartó de la firme política judicial de que los casos sean resueltos en los méritos.

El señor Guiot no nos ha convencido de que se justifique nuestra intervención en esta etapa de los procedimientos debido a prejuicio, parcialidad o error craso del TPI.

**V**

Por los fundamentos expuestos, se deniega la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones